Per Curiam:
In August 1944, plaintiff, then a reserve officer on active service in the Army, appeared before an Army Eetiring Board which found that he was permanently incapacitated for active duty (because of moderate arterial *263 hypertension) but also found that this disability originated prior to his service. These findings were approved by the Secretary of the Army in October 1944 and plaintiff was released on January 1,1945, by reason of this physical disability, without disability retirement pay. On December 28, 1959, he applied to the Army Disability Review Board for review of the Retiring Board’s determination. In October 1960, the Review Board reversed the Retiring Board’s finding that plaintiff was incapacitated for active service, but naturally granted him no relief since it found him not to have been disabled. On November 25, 1960, plaintiff then applied for relief to the Army Board for Correction of Military Records; this was denied (without a hearing) in June 1961, The present suit was begun in September 1961. Defendant moves to dismiss the petition on the ground that the claim is barred by the six-year statute of limitations.
Insofar as plaintiff seeks disability retirement pay, his claim is undoubtedly time-barred. The Retiring Board rejected his claim finally, and the Secretary approved that decision, in October 1944. Accordingly, the six-year statute began to run when plaintiff was released from service (without retirement pay) on January 1, 1945. Lipp v. United States, 157 Ct. Cl. 197, 301 F. 2d 674 (1962), cert. denied, 373 U.S. 932 (1963); Friedman v. United States, 159 Ct. Cl. 1, 310 F. 2d 381 (1962), cert. denied, 373 U.S. 932 (1963); Braun v. United States, 163 Ct. Cl. 84 (1963). As these decisions show, the proceedings before the Disability Review Board and the Correction Board did not toll the statute or create a new claim. The holding by the Disability Review Board that plaintiff was not incapacitated for service when he was released (reversing the Retiring Board’s finding that he was) did not establish a new cause of action or indicate that the prior Board action was other than final. The Review Board simply affirmed and agreed with the final Retiring Board decision, though on a somewhat different ground; no relief was granted to plaintiff and there was no change in his status with respect to disability retirement pay. The Review Board decision was not a “reopening” of the matter within the meaning of the Friedman case, supra, p. 24 (see p. 16), 310 F. 2d at 396 (see p. 391). Nor *264 did the holding of a hearing by the Review Board amount to such a “reopening.” See Robinson v. United States, decided this day, ante, p. 235. The statute of limitations on any claim for disability retirement pay continued to run, without interruption, from January 1,1945. That claim was long since barred when suit was begun in 1961.
Plaintiff has also presented an alternative cause of action. He says that, if the Retiring Board erred (as the Review Board ruled) in holding him incapacitated in 1944-1945, he was erroneously and unlawfully relieved from active service at the beginning of 1945 on the ground of such incapacity. The result, he asserts, was that he continued actively in the Army and has never been validly released. He asks, therefore, for active duty pay and allowances from January 1, 1945, to the present. We hold this secondary cause of action to be wholly without merit on the face of the petition. There is no allegation or showing that, at or about the time of his release, plaintiff objedbed to being released or sought to remain in the Army. Without some such timely objection, or other special circumstances not alleged here, he must be considered to have accepted the release and waived any invalidity. Moreover, plaintiff was a Rational Guard officer who served on active duty at the will of the authorities; subject to release for many reasons and at many times, plaintiff had no vested right to remain on active duty. His release came in 1945 toward the close of World War II. There is no reason to believe, and plaintiff alleges or offers nothing to show, that he would have been retained on duty for any material period if the Retiring Board had determined that, though he suffered from hypertension, he was not fully incapacitated for active service. His release came too close to the end of World War II for the court to speculate that, unlike millions of other reservists, he would have been kept on active duty. The three decisions cited by plaintiff in support of his position (Appell v. United States, 130 Ct. Cl. 671, 676-77, 690 (1955); Boruski v. United States, 140 Ct. Cl. 1, 155 F. Supp. 320 (1957); Egan v. United States, 141 Ct. Cl. 1, 158 F. Supp. 377 (1958)) do not govern this case. In each of those cases the court found that there was very good reason to believe that the officer would have been re *265 tained if the authorities had recognized, at the time of his separation, the invalidity of separating him on the ground that was actually taken. In Appell, the separation occurred in October 1941 on the basis of a resignation which the officer tried to withdraw in due time; the court said that it felt “fairly certain” that if the withdrawal of the resignation had been recognized, as it should have been, some useful place would have been found for the plaintiff in the fall of 1941 (130 Ct. Cl. at 676) and that it was “a practical certainty” that the plaintiff would have been continued in the service after this country entered World War II (id. at 690). Boruski involved a regular Air Force officer improperly dismissed after an erroneous conviction for manslaughter,; he would clearly not have been separated if the error in the court-martial had been corrected before his dismissal. In Egan, the officer was illegally and erroneously released to inactive duty in October 1943, and then illegally discharged from the Marine Corps Reserve in April 1944, on the ground that he was insane (which he was not); if the true facts had been known it would have been highly unlikely that a healthy Marine Corps combat officer would have been released in the very midst of World War II; in fact, no reason for such a release at that time appeared in the record (141 Ct. Cl. at 18, 158 F. Supp. at 388). Plaintiff’s case, as we have pointed out, is quite different.
Defendant’s motion to dismiss the petition is granted and the petition is dismissed.