Military fay; retired fay (disability'); limitation of actions. — Plaintiff’s decedent, a reserve officer with the United States Army, was released in January 1944 from active duty by reason of physical disability without disability retirement pay on the basis of a 1943 Retiring Board finding that decedent’s incapacity was not incident to his service. In 1960 the decedent discovered evidence which he believed tended to indicate that his incapacity was an incident of his active service and that an error had been committed by the Retiring Board, and he submitted an application to the Board for the Correction of Military Records requesting that he be granted a hearing and that his record be corrected to show that his disability was an incident of the service and that he was entitled to disability retirement with pay. The Board rejected the application on July 5,1962, and on April 10,1963, suit was filed to recover disability retired pay on the ground that the action of the Correction Board was arbitrary, capricious, unsupported by substantial evidence and contrary to the evidence. The case came before the court on defendant’s motion to dismiss the petition on the ground that plaintiff’s claim first accrued upon the decedent’s release from active duty in 1944 following approval of the findings of the Army Retiring Board, and that the suit, filed some 19 years later, was barred by the six year statute of limitations, 28 U.S.C. § 2501. Upon consideration of defendant’s motion, plaintiff’s opposition thereto, the briefs of the parties, and without oral argument, the court, on January 24, 1964, concluded on the basis of Lipp v. United States, 157 Ct. Cl. 197, 301 F. 2d 674; Friedman, Executrix v. United States, 159 Ct. Cl. 1, 310 F. 2d 381, cert. denied sub nom. Lipp et al. v. United States, 373 U.S. 932; Merriotty. United States, 163 Ct. Cl. 261; and Robinson v. United States, 163 Ct. Cl. 235, that plaintiff’s claim was barred by the statute of limitations and the petition was dismissed. The case came *678 before the court again on plaintiff’s motion to vacate the order dismissing the petition, for call upon the Department of the Army and for rehearing of defendant’s motion to dismiss, and upon consideration thereof and the opposition thereto, it was ordered on April 17, 1964, that the motion be denied.