Per Curiam :
This is a military disability-retirement pay case in which the defendant has moved for summary judgment on the ground that the claim is barred by the 6-year statute of limitations, 28 U.S.C. § 2501. This motion was referred to Trial Commissioner Marion T. Bennett, under former Buie 37 (e) (now Rule 54(b)), for his recommendation for a conclusion of law. Commissioner Bennett has submitted an opinion concluding that the claim is barred by limitations, and a recommendation that the defendant’s motion be granted and the petition dismissed. Oral argument before the court has been had, and the court has considered the briefs filed by the parties, as well as the motion to remand filed by the plaintiff after the Commissioner submitted his opinion and recommended conclusion.
The court agrees with the Commissioner’s recommendation and with his opinion. Subsequent to the filing (on November 12, 1963) of that opinion and recommended conclusion, the court handed down a number of opinions and orders deciding the identical or similar limitations issues in the same way and on the same grounds. See, e.g., Robinson v. United States, 163 Ct. Cl. 235 (1963); Merriott v. United States, 163 Ct. Cl. 261 (1963); Teitelbaum v. United States, dismissed by order dated January 24, 1964, Ct Cl. 116-63, rehearing denied April 17, 1964, 165 Ct. Cl. 677 (orders).[1] The Commissioner’s opinion is in accord with those opinions and orders. The court therefore adopts his opinion, as supplemented by the later decisions, as the basis for judgment in this case. The court has considered the factual allegations contained in plaintiff’s motion to remand to the Commissioner but, on the basis of the cited decisions and *542 the Commissioner’s opinion, bolds those allegations immaterial on the issue of limitations; the motion is therefore denied.
The defendant’s motion for summary judgment is granted and the plaintiff’s motion to remand to the Commissioner is denied. The petition is dismissed.
OPINION OP COMMISSIONER
Defendant seeks summary judgment grounded on the statute of limitations to defeat plaintiff’s claim for disability retirement pay.
Plaintiff first performed military service during World War I. From 1922 to December 22, 1940, he served in the Missouri National Guard. On December 23, 1940, he entered active duty as a major in the Infantry and performed active duty until June 10,1947, during which period he was promoted to the rank of lieutenant colonel. On June 10,1947, he was released from active duty by reason of demobilization apd on August 21, 1956, was retired for longevity.
On August 1,1946, plaintiff appeared before an Army disposition board at the O’Beilly General Hospital, Springfield, Missouri. That board found plaintiff had the following disability : “Enlarged prostate; inflammation of left eye with possibility of recurrence.” It recommended that plaintiff “be returned to permanent limited duty.”
On March 24,1947, plaintiff appeared before a second disposition board at Madigan General Hospital, Tacoma, Washington. That board found plaintiff was suffering from “ [intermittent inflammation of left eye, with possibility of recurrence, enlarged and tender liver.” It recommended that he “be returned to duty for general military service with waiver of physical defect. Iridocyclitis. Hepatitis.”
On May 11,1947, plaintiff, in a letter to the Adjutant General, requested that he be allowed to appear before an Army retiring board. By letter dated June 12,1947, the Adjutant General, by order of the Secretary of War, informed plaintiff that his request to appear before an Army retiring board was denied. That letter stated in part:
*543 2. Your entire record, including your letter, has been carefully reviewed in the War Department. However, the latest evidence in the record reveals no physical defect warranting your appearance before an Army Retiring Board. The evidence in the record indicates that the findings of the Disposition Board which met in your case at Madigan General Hospital, Tacoma, Washington on 24 March 1947, are correct. Therefore, your request is not favorably considered.
On March 16, 1960, plaintiff filed an application with the Army Board for Correction of Military Records requesting that his records be corrected to show he was permanently incapacitated for active duty at the time of his release on June 10, 1947. After a hearing and receipt of evidence from plaintiff, the Correction Board concluded on May 2, 1961, that plaintiff was not permanently incapacitated for active service at the time of his release on June 10,1947.
Defendant contends plaintiff’s claim accrued on June 12, 1947, when his request to appear before an Army retiring board was refused by order of the Secretary of War. This date was almost 14 years prior to the filing of his petition on June 9, 1961. It is contended the claim is barred by the 6-year statute of limitations (28 U.S.C. 2501).
A claim for disability retirement accrued on final action of a board competent to pass on eligibility for disability retirement. Friedman v. United States, 159 Ct. Cl. 1 (1962), 310 F. 2d 381, cert. denied, 373 U.S. 932 (1963). A refusal of a request for such a board constitutes final action. Friedman, supra, p. 24; Lipp v. United States, 157 Ct. Cl. 197 (1962), 301 F. 2d 674, cert. denied, 373 U.S. 932 (1963).
Plaintiff contends, however, that the denial of his request for a retiring board was erroneous and therefore lacked finality. It is alleged that the denial was erroneous and illegal because (1) the Adjutant General said that plaintiff’s record had been carefully reviewed “in the War Department” when, in fact, it had not been in the Adjutant General’s possession; (2) the denial was based on mistakes made by the March 24, 1946, Madigan disposition board which (a) ignored plaintiff’s prostatitis and arthritis that had previously been found, and considered the hepatitis nondis- *544 abling, (b) bad no authority to change plaintiff’s status for the purpose of separation when a prior board had found him fit only for limited service, (c) recommended waiver for plaintiff’s iridocyclitis and hepatitis and considered plaintiff’s prostatitis cured by operations and ignored his symptoms of arthritis, (d) ignored Army regulations that required plaintiff to be sent before an Army retiring board, (e) ignored regulations that authorized waivers only for the purpose of permitting critically needed personnel, who could not qualify physically for general service, to serve on active duty — not for the purpose of separation, (f) ignored Army regulations that permitted waivers of minor disabilities which were not disqualifying for full military duty and would not progress nor become aggravated by active military service, and (g) used waivers improperly to deprive disabled officers of retirement benefits; and, finally, (3) the Correction Board accepted an ex parte opinion about plaintiff’s condition from the Surgeon General and this opinion was full of factual and legal errors.
Upon the foregoing allegations as to lack of finality in the administrative proceedings, plaintiff’s petition filed July 9, 1961, seeks disability retirement pay from June 10, 1947, the date of release from active duty.
Plaintiff’s argument that the alleged errors would deprive the denial of finality is grounded on the discussion by the court on pages 12 and 13 of the Friedman opinion. At that point the court indicated that action of the initial board considering a disability claim might be deprived of finality under certain circumstances. See, also, Friedmam, supra, p. 24; Braun v. United States, 163 Ct. Cl. 84, 86 (1963).
Plaintiff contends the facts pleaded here, particularly with respect to the erroneous use of the waiver technique, are similar to those in Capps v. United States, 133 Ct. Cl. 811, 137 F. Supp. 721 (1956); Loeb v. United States, 133 Ct. Cl. 937 (1956); and Schiffman v. United States, 162 Ct. Cl. 646, 319 F. 2d 886 (1963). In those cases, however, the circumstance which deprived the initial board decision of finality was the reopening of the matter by the Armed Services. Suter v. United States, 139 Ct. Cl. 466, 153 F. *545 Supp. 367 (1957), cert. denied, 355 U.S. 926, and Weiner v. United States, 148 Ct. Cl. 445 (1960), likewise do not support plaintiff’s position. In its discussion of those cases, the court in Friedman, supra, pp. 16, 17, suggested that the erroneous refusal to grant a retiring board in those cases deferred the accrual of the claim. In Suter and Weiner it was held the initial action of the boards lacked finality because they did not purport to make a final decision. Further, when the claimants were subsequently refused requests for further retirement boards it was because it was erroneously believed that the Armed Services had no authority to grant them. This belief was based on the Comptroller General’s opinion of April 25,1951 (30 Comp. Gen. 409), holding that the Armed Services had no authority to award retirement pay to persons disabled in active service but released prior to a determination being made of their right to receive such pay. That ruling was subsequently invalidated by this court in Updike v. United States, 132 Ct. Cl. 627, 132 F. Supp. 957 (1955).
On the other hand, the refusal to grant plaintiff here a retiring board was not based on a mistake as to the authority of the Services to grant such a board, but rather on a decision that the evidence of record did not warrant a retiring board.
It should also be noted that in the Suter and Weiner cases the only action which could arguably have barred the claims was that of the original board, since the erroneous refusals to grant a further board occurred in both cases within the 6-year period prior to the time of filing suit.
In view of the clear holding in Lipp and in Friedman that the refusal to grant a retiring board is a final action upon which a claim accrues, there appears to be no authority for plaintiff’s proposition that the refusal to grant him a retiring board lacked finality because it was erroneous.
The allegations about the errors in the decisions of the Secretary and of the Correction Board are really not material to the issue to be decided here. If the erroneousness of the decision of the Secretary of War in denying plaintiff’s request to appear before a retiring board could destroy its finality, then the bar of the statute of limitations could al *546 ways be defeated by a plaintiff simply proving his case on the merits. Had plaintiff brought suit within 6 years of June 12,1947, he would have been required to show that he was disabled and should have been allowed to appear before a retiring board. The only claims that would be barred by the statute of limitations, under plaintiff’s theory, would be those without merit. Dismissal of a claim because of the bar of limitations would be synonymous with dismissal on the merits. But, as the Court of Claims stated in Friedman v. United States, supra, p. 28, “ * * * it is inherent in all statutes of limitations that claims otherwise justifiable and justiciable will be denied because suit is not brought in time.” Erroneous or not, the decision of the Secretary was final on its face. Time within which to file suit started running when that decision was made. Plaintiff cannot now defeat application of the statute of limitations by a belated argument that the administrative decision was erroneous.
The only action occurring within 6 years of the date plaintiff’s petition was filed was the Correction Board’s denial on May 2,1961, of plaintiff’s application to it in 1960 for relief. Plaintiff contends that this action of the board created a new cause of action. It is alleged that the board abdicated its statutory function by relying wholly on the opinion of the Surgeon General, which opinion itself failed to follow the governing regulations and was erroneous in law and fact.
■ The Only authority for this position appears to be a statement by the court in footnote 10 of the Friedmam, opinion, supra, p. 16, reading in part:
* * * Or it may be that, since the court [in Frederick v. United States, 150 Ct. Cl. 769, 280 F. 2d 844 (1960) stressed the irregularities in the Correction Board’s procedures, it thought that those irregularities in procedure (rather than the arbitrariness of the substantive determination) created a new cause of action on which the plaintiff could recover.
It appears quite clear, however, that the above language was merely a speculation by the court on the rationale of Frederick v. United States, 150 Ct. Cl. 769 (1960), a case which it declined to treat as a “hard or full precedent.” *547 The above language would, therefore, appear to provide no support to plaintiff’s contention that the action of the Correction Board created a new cause of action. This is particularly true when the language is viewed in the light of the holding in Friedman, “that where, as in the Lipp type of case, the Correction Board is in effect reviewing a prior adverse determination by a Eetiring Board or the Disability Eeview Board (or a refusal to convene such a board), the Correction Board’s adverse decision does not give rise to a new cause of action.” Friedman, supra, p. 25.
It is concluded that plaintiff’s claim accrued on June 12, 1947, more than 6 years before the filing of his petition on June 9, 1961, and that no new cause of action was created by the adverse decision of the Correction Board.

 There are a large number of comparable orders.