Per Curiam
: Plaintiff’s claim is for disability retirement !y from June 4, 1953, the date of his last release from the *307 Army. The petition was filed on September 19, 1963. Defendant has moved for summary judgment on the ground that the claim is barred by the six-year statute of limitations, 28 U.S.C. § 2501, and also that the petition fails adequately to allege arbitrary or wrongful action by the Army in denying plaintiff disability retirement pay.
On the issue of the statute of limitations, the relevant undisputed facts appearing in the affidavits and other materials submitted on the motion show the following: Plaintiff, who entered the Army early in 1940 and was wounded in action in 1945, was released from active duty in February 1946, without entitlement to disability retirement pay but after Retiring Board proceedings; he re-entered the Army shortly thereafter and served until July 1949, again being released not by reason of disability; he was recalled in September 1950 and served until June 1953. At the time of his third release in June 1953 he was not accorded disability retirement pay (but he did not appear before, or request, a Physical Evaluation Board). In July 1956 plaintiff applied to the Army Board for Correction of Military Records for disability retirement pay. This request was denied by the Board, without a hearing, and plaintiff was so informed by a letter of November 14, 1956, from the Adjutant General. Immediately after receipt of this letter, plaintiff’s representative (a veterans organization) requested the Secretary of the Army to order the Correction Board to grant a hearing. On July 9, 1957, the Secretary informed the representative, apparently in response to an inquiry, that the Board had been ordered to hear the case. The hearing took place on November 6, 1957, and the Board thereafter denied the plaintiff’s application. The decision of the Secretary approving the Board’s later decision was rendered on August 23,1958, less than six years before suit was brought.[1]
On these facts it is clear that plaintiff is time-barred from claiming disability retirement pay on the basis of his first *308 release in 1946 (Lipp v. United States, 157 Ct. Cl. 197, 301 F. 2d 674 (1962), Friedman v. United States, 159 Ct. Cl. 1, 310 F. 2d 381 (1962), cert. denied in both, cases, 373 U.S. 932 (1963)) — and plaintiff now makes no such claim.
. Defendant asserts that plaintiff is also barred from seeking disability retirement pay from the time of his last release in June 1953. That date is not, in itself, decisive for limitations purposes since plaintiff did not have, or ask for, a Physical Evaluation Board at that time, and his claim would not accrue until a proper board acted or refused to act. Harper v. United States, 159 Ct. Cl. 135, 310 F. 2d 405 (1962); Hoppock v. United States, 163 Ct. Cl. 87 (1963); Grubin v. United States, 166 Ct. Cl. 272, 333 F. 2d 861 (1964). Defendant says, however, that the critical event occurred in November 1956 when plaintiff- learned that the Correction Board had turned down his application, without a hearing and without a reference to the Secretary of the Army. There is no doubt that the Board had been delegated such authority by AB 15-185, par. 10, 32 C.F.B. § 581.3, and that in the absence of further steps within the same proceeding the statute of limitations would have begun to run. Lipp v. United States, supra; Friedman v. United States, supra; Robinson v. United States, 163 Ct. Cl. 235 (1963); Merriott v. United States, 163 Ct. Cl. 261 (1963), cert. denied, 379 U.S. 838 (1964); Dye v. United States, 166 Ct. Cl. 540, cert. denied, 379 US. 837 (1964).
But we have in this case the additional, significant fact that, immediately after notification of the Board’s decision, plaintiff’s representative filed with the Secretary of the Army what was in effect a petition for reconsideration in the same proceeding, seeking to have the Secretary direct the Board to hold a hearing on the plaintiff’s application. The formal rules apparently did not pi’ovide expressly for such a petition for rehearing, but unless there is legislation to the contrary it is the inherent right of every tribunal to reconsider its own decisions within a short period after the making of the decision and before.an appeal has been taken or other rights vested. Cf. Aspen Mining & Smelting Co. v. Billings, 150 U.S. 31, 35-37 (1893) ; Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 135-38 (1937); Fleming v. *309 Borders, 165 F. 2d 101, 102 (C.A. 9, 1947).[2] A right of this type is particularly' important in situations, such, as this, where the superior (the Secretary) retains the right to countermand or modify the decision of his subordinate (the Board). The Secretary, who is the responsible authority under the statute, should have a limited opportunity to decide that the Board erred in denying a hearing, before the Board’s decision is deemed final and the proceeding closed. Cf. Spector v. United States, 165 Ct. Cl. 33, 37 (1964), cert. denied, 379 U.S. 966 (1965); Congress Constr. Corp. v. United States, 161 Ct. Cl. 50, 314 F. 2d 527 (1963), cert. denied, 375 U.S. 817. Since the request for reconsideration in this case was filed immediately, it was well within any appropriate period for such timely reconsideration. The general rule is that the period for appeal or review does not begin to run until the disposition of a timely request for reconsideration, rehearing, or new trial, because such a request suspends the finality of the decision pending a ruling on the application. Cf. Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 148-50 (1942); Department of Banking v. Pink, 317 U.S. 264, 266 (1942). We apply the same principle to this request for reconsideration. It suspended the finality of the Board’s 1956 order, and limitations did not begin to run until the Board’s final decision in 1958. The petition in this court, filed less than six years later, was therefore pot too late.
In reaching this conclusion we do not modify, or depart from, our holdings in Lipp, Friedman, Robinson, Merriott, supra, and other cases, that, once there is a final Board decision, a subsequent administrative hearing or determination does not deprive the earlier decision of finality, toll the running of limitations, or commence a new limitations period. Those were cases in which the later request for a hearing or fpr a new decision came to a different tribunal or, if to the same tribunal, a considerable time after the earlier decision— not within the short rehearing period to which we have referred. The subsequent developments in those cases were in effect new proceedings in which the claimant attempted to *310 reopen a closed decision which, had become final. In contrast, the initial Board ruling in this case did not become final because plaintiff moved immediately for a reconsideration which was granted.
Defendant’s other point on its motion is that plaintiff has failed adequately to spell out, in his petition, the grounds of his attack on the Board’s ultimate decision. We are satisfied that the petition, particularly with the clarifying amendment made at oral argument, states a cause of action and does not contravene our Rules, including Rule 14(b) (on the pleading of caprice, arbitrariness, etc.).
The defendant’s motion for summary judgment is denied and the case is returned to the Trial Commissioner for further proceedings.

 Plaintiff’s original application, as filed in 1956, asked for disability retirement from his first release in February 1946, but this request was informally amended, before the Board first denied the application (without a hearing), to seek in the alternative disability retirement pay from June 1953. At the hearing in 1957 plaintiff took the same position. The petition in this court limits the demand to the June 1953 date.

 The Supreme Court allows 25 days (Rule 58) ; this court allows 30 days (Rule 68) ; the Federal Rules of Civil Procedure allow 10 days (Rule 59) ; the Federal Rules of Criminal Procedure allow 5 days, generally (Rule 33). These times are usually subject to extension, and in some instances to decrease.