Per Curiam:
In this military disability-retirement pay case, moved to dismiss the petition on the ground that the claim is barred by the six-year statute of limitations, 28 IJ.S.C. § 2501. This motion was referred to Trial Commissioner William E. Day, under Eule 54(b), for his opinion and recommendation for a conclusion of law. The Commissioner has filed an opinion concluding that the claim is barred by limitations and a recommendation that the defendant’s motion be granted and the petition dismissed. The plaintiff has requested the court to review that recommendation. Oral argument before the court has been had and the court has considered all the briefs filed by the parties. Since the court agrees with the opinion and recommendation of the Trial Commissioner, it adopts them, as supplemented by the remainder of this opinion, as the basis for its judgment in this case.
Commissioner Day is clearly correct in saying that the plaintiff’s claim first accrued when his request for a Eetiring Board was rejected in November 1946. The court has several times declared that such an unsuccessful request starts the limitations period. In addition to the decisions cited by the Commissioner, see Harper v. United States, 159 Ct. Cl. 135, 138, 310 F. 2d 405, 406-07 (1962); Bainum v. United States, 163 Ct. Cl. 576 (1963); Swartz v. United States, 163 Ct. Cl. 576 (1963), cert. denied, sub nom. Hellner v. United States, 379 U.S. 837 (1964); Dayley v. United States, 169 Ct. Cl. 305, 308 (1965).
Before the court plaintiff argues (in addition to the points properly rejected by the Commissioner) that, since he did not request or have a Eetiring Board before his release from active duty in April 1946, there was no board available to determine a claim for disability retirement pay until the Board for Correction of Military Eecords was given that power in 1951. The Comptroller General did hold at one time that a Eetiring Board had no power to grant a claim for disability retirement after the officer had been released from active duty, but this court has squarely held that position to be erroneous. Updike v. United States, 132 Ct. Cl. 627, 132 F. Supp. 957 (1955); Dye v. United States, 166 Ct. Cl. 540, *404 545 (1964), cert. denied, sub nom, Hellner v. United States, 379 U.S. 837 (1964); Friedman v. United States, 159 Ct. Cl. 1, 19-20, 310 F. 2d 381, 393 (1962), cert. denied, sub nom. Lipp v. United States, 373 U.S. 932 (1963). A Retiring Board was therefore available to plaintiff in November 1946. As in Dye, the refusal to grant plaintiff a Retiring Board at that thrift was not based on a mistake as to the authority of the Army to convene such a board but on a determination that his physical defect was not considered an incident of his commissioned service. He could have brought suit immediately thereafter.
Plaintiff also contends that in all of our previous disability retirement cases in which the plaintiffs’ claims have been held time-barred the officer had some sort of board (not necessarily a Betiring Board) prior to his release from service, and it was that fact which caused the limitations period to run in those cases. We have not examined the records to see whether the factual allegation is correct, but we are certain that the fact on which plaintiff relies, if it be a fact, has had nothing to do with the rationale of our decisions. If the fact exists, it has been wholly fortuitous. We have repeatedly stressed that the only boards which are important in the field of Army disability retirement are the Betiring Board (later Physical Evaluation Board), the Disability Beview Board, and the Correction Board. See, e.g., Friedman v. United States, supra; Hoppock v. United States, 163 Ct. Cl. 87 (1963). The presence or absence of a Disposition Board (or like board) is immaterial.
The defendant’s motion to dismiss is granted. The plaintiff’s premature motion for judgment on the pleadings (included in its request to the court to review the Trial Commissioner’s recommendation) is denied. The petition is dismissed.
OPINION OP COMMISSIONER
This case is before the court on motion by the defendant to dismiss the petition on the ground that the claim is barred by the provisions of 28 U.S.C. § 2501. The defendant says that, since the suit was filed after the 6-year statute of limitations had run, the claim is barred by the clear provisions of the statute. Briefs have been filed by the parties and oral argu *405 ment on the points involved have been heard by the commissioner. The issue and the only issue raised is whether or not, under the statute and the decisions of this court construing it, suit was timely filed by the plaintiff.
The facts, as taken from the allegations of the petition and as amplified by the briefs, are as follows:
The plaintiff, bom on November 9, 1896, first enlisted in the Army on May 16,1918. Although his active service during World War I is not clearly indicated in the petition, he was appointed to the rank of second lieutenant on August 20, 1919. He was commissioned in the Reserve Corps on December 5, 1919, and continued to hold his Reserve commission until November 30, 1956, when he was retired in the rank of colonel with 27 years service.
The plaintiff was called to active duty and served on active duty from July 31, 1941, until April 15, 1946, when he was released from active duty on April 16, 1946, after terminal leave from December 24,1945.
The plaintiff, after certain written requests for retirement pay for service-connected disability, addressed to the Adjutant General, which were first denied by that officer in November 1946, then requested the Army Board for Correction of Military Records on October 24, 1961,. to correct his military record to show that he was disabled from disease or injury contracted or received in line of duty while serving in active military service. Upon denial of such request on July 1, 1963, on behalf of such Board by the Adjutant General, the plaintiff filed this suit on December 18, 1963.
The plaintiff says that the action of the Army Board for Correction of Military Records was “arbitrary, capricious and unlawful.” He further says that, since this Board was the first Board which had rendered a final action, the statute did not begin to run until July 1,1963, the date of the denial of his application for correction of his military record.
Our task will require an analysis of the actions intervening between the time of his release from active duty in 1946 until the denial of his application for relief by the Army Board for Correction of Military Records in 1963, and a determination as to whether the plaintiff’s claim first accrued at a date earlier than 6 years before suit was filed.
*406 On. June 28, 1946, the plaintiff sent a letter to the Adjutant General of the Army, as follows:
SUBJECT: Officers Retirement Pay for service connected disability, Walter B. Cayce, Colonel, Finance Reserve, 0-150741
1. The undersigned was relieved from active duty 15 April 1946, having been on terminal leave from 24 December 1945, following active service from 80 July 1941. It was revealed when final physical examination was made at the Separation Center, Fort Sam Houston, Texas on 28 December 1945, that the undersigned was suffering from disability, sufficient to merit, after the case was referred to the Veterans Administration, compensation based upon 40% disability, or 46 00 [sic] monthly. The award having been made by the Waco, Texas office of the administration under file number G-7254873.
2. Under the provisions of law, refer to AR 35-3420, paragraph 12a, (1) and (2), reserve officers who become disabled from disease or injury contracted or received in line of duty while serving in the active military service for the Federal Government, shall receive the same retirement pay and hospital benefits as may now or hereafter be provided by law or regulation for officers of corresponding grades and length of service of the Regular Army.
3. Clearly the undersigned was serving in the Federal Military service when such disability was incurred and had he been a member of the Regular Army would have been relieved from active duty and placed on the retired list with 75% of active duty pay and longevity. The law appears to have been passed by the Congress so that the same retirement pay would accrue to a reserve officer suffering disability sufficient to warrant his relief from active duty.
4. It is requested that such action be taken as is necessary to provide the undersigned the same retirement pay and benefits as would accrue to an officer of the Regular Army under like circumstances, or 75% of active duty pay; officer in the sixth pay period with 27 years service for longevity.
The direct reply to the above-quoted letter does not appear in the pleadings but on November 21, 1946, the Adjutant General sent the plaintiff the following letter:
*407 1. Reference is again made to your letter of 28 June 1946, requesting appearance before an Army Retiring Board.
2. Your entire records, including the report of physical examination 27 September 1946 made at Fort Worth Army Air Field, Fort Worth, Texas, have been carefully reviewed in the War Department. However, inasmuch as your physical defect was not considered an incident of your commissioned service, your request for appearance before an Army Retiring Board is not favorably considered.
The plaintiff, in the words of his petition, made “a further request * * * for authority to appear before an Army Retiring Board” to which the Adjutant General replied on April 15, 1948, in effect, that plaintiff’s condition on December 23, 1945, before plaintiff was relieved from active duty, was not incapacitating or, if it was incapacitating, it was a normal progression of a condition existing when plaintiff entered on active duty in 1941.
The plaintiff then made in 1949 “another request * * * for authority to appear before an Army Retiring Board.” The Adjutant General replied to this request on January 27, 1950, to the effect that medical authorities could not recommend that petitioner appear before a Physical Evaluation Board. The letter stated, in part, as follows:
It is noted that he [plaintiff] was accepted for active duty with a waiver for hypertension, found on physical examination on 31 July 1941, at the time he began his tour of duty. At that time his blood pressure was designated by the figure 154/100.
The basic defect, hypertension, may not be considered to be in line of duty since it existed prior to his tour of active duty; it is shown not to have been aggravated by the service and in consequence, he is not eligible for retirement benefits.
In answer to the motion to dismiss, the plaintiff says that the first “Board” to act on his claim was the Army Board for Correction of Military Records, which took action on July 1, 1963. The defendant urges that there was a request for an opportunity to appear before an Army Retiring Board in 1946 and that there was a denial of that request by the Adjutant General of the Army on behalf of the Board. The *408 quoted letter sent by the plaintiff on June 28, 1946, and the Adjutant General’s reply of November 21, 1946, constitute a request for, and a denial of, an opportunity to appear before an Army Eetiring Board. Although the plaintiff, in his briefs, would avoid the characterization of his June 28,1946, letter as such a request, in his petition he inferentially so characterized the letter himself by later references to a further request for authority to appear before an Army Eetiring Board (after 1946 and before April 15, 1948), and also to another request made in 1949 for authority to appear before an Army Eetiring Board.
The plaintiff, having requested and having been refused on November 21, 1946, the opportunity to appear before an Army Retiring Board, is barred by the 6-year statute from pursuing his claim since suit was not filed until December 18, 1963. Lipp v. United States, 157 Ct. Cl. 197, 301 F. 2d 674 (1962), cert. denied, 373 U.S. 932 (1963); Friedman v. United States, 159 Ct. Cl. 1, 13, 15, 17, 19, 24, 310 F. 2d 381, 389, 390, 391, 393, 395-96 (1962), cert. denied, 373 U.S. 932 (1963); Robinson v. United States, 163 Ct. Cl. 235, 237 (1963); and Dye v. United States, supra, at pp. 541-45, are clearly controlling.
The plaintiff’s additional requests in 1948 and in 1949 for further opportunity to appear before an Army Eetiring Board render the denial in 1946 no less final.