Military fay; retired fay (nondisability); active duty fay. — In a decision dated June 12, 1964, 166 Ct. Cl. 310, the court held that plaintiff, a former officer in the Eeserve Corps, was not entitled to recover disability retired pay on the ground that his claim which 'accrued in 1947 when a retiring board determined that he was not entitled to disability retirement, was barred by limitations under a petition filed in 1960, and that in any event nothing in his record regarding a second tour of duty between 1948 and 1950 indicated that plaintiff should have been retired for physical disability upon his second release from active duty in 1950. The record indicated some question concerning the propriety of plaintiff’s alleged discharge from active duty in 1951 for physical disqualification and the court stated that it did not intend to pass upon the legality of the discharge. Subsequently, plaintiff was allowed to amend his petition and the case now comes before the court on plaintiff’s and defendant’s cross-motions for summary judgment on the amended petition filed in 1964 in which plaintiff seeks to recover active duty pay and allowances from either July 2,1951, or June 3, 1954, and for longevity retirement pay. The record on which the motions are based indicates that plaintiff served on active duty for training from June 18,1951, through June 30,1951, under orders which provided that he would be relieved from active duty not later than June 30 unless sooner relieved; that plaintiff did not perform active duty after June 30, 1951; and that on July 2,1951, he was declared unqualified for active service because of a history of asthma. Plaintiff sought relief from the Army Board for the Correction of Military Eecords in 1954 and 1955, seeking disability retirement and his claim was denied without a hearing. Plaintiff contends that either he was disabled by reason of asthma as indicated when he *1289 was advised of his disqualification for the active Keserve in 1951 or if not disabled, then his relief from active duty was void and he is entitled to active duty pay to 1963 when he would qualify for longevity retired pay under the Act of June 29, 1948, 62 Stat. 1084. Upon consideration of the cross-motions for summary judgment, the briefs of the parties and oral argument of counsel, the court concluded that plaintiff was not entitled to recover on the following grounds: (1) there is no reason to believe that plaintiff would have been restored to active duty after the completion of his summer training duty in July 1951 (see Merriott v. United States, 163 Ct. Cl. 261, 264, 265 (1963), cert. denied, 379 U.S. 838 (1964), and Shaw v. United States, 174 Ct. Cl. 899, 357 F. 2d 949 (1966); (2) accordingly, plaintiff would be at most entitled, in this action, to active duty pay for the period of active service from July 2,1951, to July 24,1951, which claim is long since barred by limitations; and (3) plaintiff (born in 1911) has no present claim in this court for longevity retired pay since he has not reached 60 years of age. On March 25, 1966, the court granted defendant’s motion for summary judgment and denied plaintiff’s motion for summaiy judgment, and the petition was dismissed.