On May 30,1975 the full court issued the following order:
“This case comes before the court on plaintiff’s suggestion, received February 18, 1975, for an initial consideration by the court en lane under Rule 7 (c), of defendant’s motion, filed March 24, 1975, to dismiss the petition and plaintiff’s motions for judgment on the pleadings (filed March 31, 1975), for judgment by default (filed March 31, 1975) and to strike defendant’s filing dated April 29,1975 (filed May 7, 1975). Upon consideration thereof, without oral argument, the court makes the following findings:
“(1) Plaintiff, at one time a Lieutenant in the United States Air Force, was accused in 1956 of possessing an identification card, not his own, which was used to buy several items for resale on the black market in Japan. On April 30, 1958, a General Court-Martial found the plaintiff guilty and ordered that he be dismissed from the service with forfeiture of all pay and allowances. This ruling was upheld by the Board of Review of the Office of the Judge Advocate General *957 in August, 1958, and plaintiff’s petition for review was denied on December 2,1958 by the United States Court of Military Appeals. On December 19, 1958, the ruling of the General Court-Martial to dismiss plaintiff from the service was made effective.
“ (2) Approximately 11 years after the effective date of his dismissal from the Air Force, plaintiff began a series of requests of review of the General Court-Martial to the Air Force Board for the Correction of Military [Records. These three requests were all denied by the Board. Plaintiff then filed suit in the District Court for the Northern District of California, where his suit was dismissed because the court lacked jurisdiction to consider his claims. On September 4, 1973, the United States Court of Appeals for the Ninth Circuit upheld the dismissal of plaintiff’s suit, since it found that this court had exclusive jurisdiction over plaintiff’s claims. Plaintiff did not file suit in this court until January 24,1975.
“(3) From the foregoing facts, it is clear that any claim or cause of action dealing with plaintiff’s discharge from the Air Force accrued as of December 9,1958, the effective date of plaintiff’s dismissal. See Kirby v. United States, 201 Ct. Cl. 527 (1973), cert. denied, 417 U.S. 919 (1974); Mathis v. United States, 183 Ct. Cl. 145, 391 F. 2d 938 (1968) ; Friedman v. United States, 159 Ct. Cl. 1, 310 F. 2d 381 (1962), cert. denied, 373 U.S. 932 (1963). Plaintiff’s applications to the Correction Board were permissive in nature and do not toll the pertinent statute of limitations. See Kirby v. United States, supra, at 531; Mathis v. United States, supra, 183 Ct. Cl. at 147, 391 F. 2d at 939; Dayley v. United States, 169 Ct. Cl. 305, 308 (1965).
“(4) Since plaintiff did not file his claim in this court until approximately 16 years after his formal date of discharge from the Air Force, his claim is barred by the six-year statute of limitations found in 28 U.S.C. § 2501 (1970).
“It is therefore ordered that plaintiff’s motions for judgment on the pleadings, for judgment by default and to strike defendant’s filing of April 29, 1975, are denied; that defendant’s motion to dismiss is granted; and that plaintiff’s petition is dismissed.”