per curiam:
Plaintiff is a former member of the United States Army who challenges his honorable discharge on the grounds that it was based on an incorrect medical diagnosis *724 made by an Army doctor in 1945. Plaintiff seeks back pay, retirement status effective March 27, 1975, and retirement pay. Defendant has moved for summary judgment contending that plaintiffs claim is barred by the statute of limitations and the doctrine of laches. On the basis of the parties’ briefs and after hearing oral argument, we conclude that we should grant defendant’s motion to dismiss the petition.
Plaintiff enlisted in the United States Army on September 25,1940, and received an honorable discharge on March 28, 1945. The basis for plaintiffs discharge was a Certification of Disability Discharge (CDD) which showed he was unfit for military service because of "spondylolisthesis,” a congenital back disease.
Plaintiff discovered that he did not have a congenital back problem in April 1974. Upon viewing his discharge papers in September or October 1975, plaintiff first became aware of the grounds for his discharge. On January 5, 1978, he filed a petition with the Army Board for the Correction of Military Records (ABCMR), alleging that he was illegally discharged because the Army doctor who examined him in 1945 incorrectly diagnosed his condition or confused the x-rays of his back with those of someone else. Plaintiff requested restoration to active duty, effective the date of his discharge, retirement status effective March 27, 1975, back pay and allowances for the period from March 29, 1945 to March 27,1975, and retirement pay from March 28,1975 to date of judgment.
A November 20, 1978 report of the Army Surgeon General indicated that the diagnosis shown on plaintiffs CDD had indeed been based on another person’s x-rays. The Surgeon General concluded, however, that plaintiffs discharge was nevertheless appropriate, because he suffered from chronic, severe disease of the lumbosacral joints and constant pain. On November 27,1978, the Correction Board determined that, on this basis, plaintiff was in fact medically unfit for further service at the time of his discharge and denied his petition. The Board also denied his request for reconsideration on July 16, 1980. Plaintiff filed suit in this court on January 30, 1981. Both parties moved for summary judgment, although plaintiff withdrew his motion at oral *725 argument with the request that the case be remanded for trial or to the ABCMR.
The most obvious obstacle to plaintiffs request for relief is, of course, the 6-year statute of limitations. This court has repeatedly held that a cause of action for wrongful discharge accrues at the time of discharge. Ramsey v. United States, 215 Ct. Cl. 1042 (1978), cert. denied 439 U.S. 1068 (1979); Mathis v. United States, 183 Ct. Cl. 145, 147, 391 F.2d 938, 939 (1968). Some narrow exceptions to this rule exist, such as where plaintiff is ignorant of the facts, because they were inherently unknowable or because the facts were concealed by defendant. Goewey v. United States, 222 Ct. Cl. 104, 112, 612 F.2d 539, 544 (1979). These exceptions are not applicable in this case.
Even if we accept plaintiffs contention that his cause of action accrued upon his discovery of the mistaken diagnosis, his suit is still time barred. An orthopedic examination conducted in 1947 indicated that plaintiff had a normal lumbar spine. Another examination in 1973 also revealed that the 1945 diagnosis was incorrect. At oral argument plaintiffs counsel stated that plaintiff first discovered he did not have a congenital back problem in 1974. Clearly, plaintiff knew or should have known of the mistake in his records by that time, and his suit filed in 1981 is still too late.
At oral argument, plaintiffs counsel presented a theory of recovery not previously raised in this case. Plaintiff now contends that the action of the Correction Board created a new cause of action, because the Board based its decision on grounds different than those used to discharge him in 1945. We reject this argument. Plaintiffs cause of action arose immediately upon his discharge. Permissive administrative remedies, such as a resort to the Correction Board, do not give rise to a new cause of action, even where the Correction Board bases its decision on a new rationale. Merriott v. United States, 163 Ct. Cl. 261, 263 (1963), cert. denied 379 U.S. 838 (1964); Friedman v. United States, 159 Ct. Cl. 1, 25, 310 F.2d 381, 396 (1962), cert. denied sub nom. Lipp v. United States, 373 U.S. 932 (1963).
Even if plaintiffs claim were not barred by the statute of limitations, we find this to be an appropriate situation for *726 the application of laches. Plaintiffs unreasonable delay is obvious, and prejudice to the defendant cannot be doubted. Plaintiffs original personnel file was destroyed in a 1973 record center fire, and it would indeed be difficult, if not impossible to reconstruct it. Furthermore, it is highly unlikely that any witness competent to testify as to plaintiffs back condition in 1945 could be found. Finally, if plaintiff were to succeed in his claim, the Government would be liable for over 30 years of back pay for services which were not rendered. Brundage v United States, 205 Ct. Cl. 502, 510, 504 F.2d 1382, 1386 (1974), cert. denied, 421 U.S. 998 (1975).
Accordingly, plaintiffs motion for remand is denied; defendant’s motion for summary judgment is granted, and plaintiffs petition is dismissed.