972 F.2d 1352
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Delbert V. MATHIS, Petitioner.
 Misc. No. 333.
 Court of Claims No. 22-75.
United States Court of Appeals, Federal Circuit.
 May 8, 1992.
 
 Before ARCHER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 MICHEL, Circuit Judge.
 
 ORDER
 
 1
 Delbert V. Mathis submits a "Petition for extraordinary relief under section 1651(a), Title 28 United States Code," also entitled "Notice of motion and motion to file an extraordinary writ." Mathis appears to be stating that his submission is not a writ, it is merely a precursor to a writ.
 
 
 2
 This matter stems from a 1975 Court of Claims case, no. 22-75. As gleaned from the Court of Claims order, Mathis v. United States, 207 Ct.Cl. 956 (1975), in 1958 Mathis was found guilty of black market activities by a general court-martial and dismissed from the Air Force. The ruling was upheld by the Board of Review of the Office of the Judge Advocate General. Eleven years later, Mathis sought review from the Board for the Correction of Military Records. The Board denied all three of Mathis' requests and he sought review in a California district court. The district court dismissed for lack of jurisdiction and the Ninth Circuit affirmed. In 1975, Mathis filed a claim in the Court of Claims. The Court of Claims dismissed the case as barred by the statute of limitations, 28 U.S.C. § 2501.
 
 
 3
 As gleaned from the documents Mathis submits, it appears that he recently sought relief from the Department of Justice, the Court of Military Appeals, and the Claims Court. The Claims Court, treating his submission as a motion to reopen case no. 22-75, referred Mathis to this court.
 
 
 4
 To the extent that Mathis' submission constitutes a motion for relief from judgment pursuant to RUSCC 60(b),* we deny the motion. Mathis does not satisfy the criteria for obtaining relief under Rule 60(b)(6), Klaprott v. United States, 335 U.S. 601 (1949), and any relief sought pursuant to Rule 60(b)(2) or (3) is untimely.
 
 
 5
 To the extent that Mathis' submission constitutes a petition for writ of mandamus, we deny the petition. Mathis has not satisfied the criteria for obtaining relief under 28 U.S.C. § 1651. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271 (1988).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 Mathis' Rule 60(b) motion is denied or, in the alternative, Mathis' petition for writ of mandamus is denied.
 
 
 
 *
 The Federal Circuit assumes jurisdiction over Rule 60(b) motions pursuant to § 403(c) of the Federal Courts Improvement Act of 1982