Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5079


HAROLD W. VAN ALLEN,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.


Harold W. Van Allen, of Hurley, New York, pro se.

Tara K. Hogan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With her on the brief were Peter D. Keisler, Assistant Attorney General, and Mark A. Melnick, Assistant Director.  Of counsel was Lieutenant Marc Rosen, Office of the Judge Advocate General, United States Department of the Navy, of Washington, DC.

Appealed from:  United States Court of Federal Claims

Senior Judge James F. Merow

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5079

HAROLD W. VAN ALLEN,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

DECIDED:  June 6, 2007

Before SCHALL, BRYSON, and LINN, Circuit Judges.

PER CURIAM.

## DECISION

Harold W. Van Allen appeals the final decision of the United States Court of Federal Claims dismissing his complaint seeking military disability retirement benefits retroactive to his 1978 discharge from the Navy.  Van Allen v. United States, 70 Fed. Cl. 57 (2006).  The Court of Federal Claims dismissed Van Allen's claim as barred by the statute of limitations, 28 U.S.C. § 2501, finding that the circumstances of the case did not warrant equitable tolling.  Van Allen, 70 Fed. Cl. at 63-64.  We affirm.

DISCUSSION

I.

Van Allen served on active duty in the United States Navy from June 10, 1973, until June 28, 1978. Van Allen, 70 Fed. Cl. at 58. In January of 1978 the commanding officer of the ship to which Van Allen was assigned recommended that he be detached from service for unsatisfactory performance. Id.

On June 6, 1978, Van Allen was examined by a Navy physician and found qualified for separation. Id. at 59. Two weeks later, he was honorably discharged from active duty and transferred to the Naval Reserve. Id. Subsequently, on November 10, 1979, Van Allen was automatically honorably discharged pursuant to 10 U.S.C. § 6389 "for having twice failed of selection for promotion to the next higher grade." Id.

On February 25, 1985, Van Allen petitioned the Board for Correction of Naval Records ("BCNR") to correct his record to reflect "that my release from active duty was inreality [sic] due to medical conditions. (undiagnosed systemic lupus E. symptoms)."[1] Id. At the same time, he requested retroactive disability retirement benefits. Id. On March 21, 1986, the BCNR denied Van Allen's petition. Id.

On January 13, 1989, the BCNR denied Van Allen's 1988 request for reconsideration. However, on July 24, 1991, the BCNR granted a second request for reconsideration. Id. at 60. In the reconsideration proceedings, the BCNR requested comments and recommendations from the Specialty Advisor for Neurology, Captain Morales, as well as Van Allen's service record, medical record, and VA records. Id.

---

[1] In 1983, Van Allen requested disability compensation from the Veterans Administration ("VA"), and in 1985, he applied for Social Security disability insurance benefits.

Captain Morales's report stated that a suprasellar arachnoid cyst in Van Allen's head most likely predated his naval service and that his poor naval performance "might have been secondary to a suprasellar arachnoid cyst." Id. The report further stated that Van Allen's problems would "have had their onset while on active duty, been progressive, and would be expected to resolve following treatment of his cyst." Id.

On October 20, 1992, Van Allen underwent a "right frontal craniotomy fenestration of arachnoid cyst," and on March 2, 1993, he had a shunt installed in his head. Id. at 60-61. Records of these procedures were provided to the BCNR. Id. at 61. In addition, Captain Morales provided a supplemental memorandum, in which she concluded that Van Allen's "claim of service exacerbation should be denied, as there is no evidence the [his] hydrocephalus was aggravated by his active duty service." Id.

On June 1, 1995, the BCNR denied Van Allen's application for reconsideration. Id. The BCNR wrote Van Allen on June 9, 1995, informing him that "[i]n the absence of evidence which demonstrates that you were unfit for duty at the time of your release from active duty, the Board was unable to recommend any corrective action in your case." Id.

Van Allen continued to submit communications to the BCNR, which were construed as motions for reconsideration and were denied as such. Id. On December 7, 2000, Van Allen submitted another communication to the BCNR. The communication included a copy of a Social Security Administrative Law Judge's ("ALJ's") decision. In the decision, the ALJ ruled that Van Allen was entitled to disability compensation for the period June 30, 1978, though December 31, 1986. Id. at 61-62. The BCNR treated this as another motion for reconsideration. Id. at 62. The BCNR denied reconsideration by

letter dated January 25, 2001, stating that the ALJ had "relied upon evidence previously rejected by this office." Id. The BCNR also stated to Van Allen: "Over the past several years, you have made hundreds of separate submissions to the Board, none of which contained any new material evidence. Future correspondence from you which is not accompanied by new material evidence will be filed without action or reply." Id. Van Allen submitted another request for reconsideration on July 2, 2003, which the BCNR denied.

II.

On January 25, 2005, Van Allen filed a complaint in the Court of Federal Claims, seeking a determination correcting his discharge to disability retirement with resulting compensation. Id.; see 10 U.S.C. § 1201 (providing for disability retirement compensation). In response, the government moved to dismiss the complaint as time barred pursuant to 28 U.S.C. § 2501, which provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."

In considering the government's motion, the Court of Federal Claims found that Van Allen did not possess "the level of knowledge required to cause a claim for disability retirement pay to accrue" at the time of separation. Van Allen, 70 Fed. Cl. at 63. Thus, the court ruled, Van Allen's cause of action did not accrue on June 20, 1978, when Van Allen was discharged from active duty, but rather on March 21, 1986, when the BCNR rendered its first decision in his case. Id. at 62-63. The court considered whether the BCNR's July 24, 1991 decision to reconsider the case "served to deprive the [BCNR's] prior decision of finality such that the statute of limitations would no longer

commence to run as of March 21, 1986." Id. The court explained that usually the time for reconsideration is short and that the time between the March 21, 1986 BCNR decision and Van Allen's 1988 reconsideration application, which resulted in the June 24, 1991 decision to reconsider, "clearly exceeds the short or reasonable period which serves to deprive an administrative decision of finality for statute of limitations purposes." Id. (citing Cooley v. United States, 324 F.3d 1297, 1305 (Fed. Cir. 2003); Gratehouse v. United States, 512 F.2d 1104, 1109 (Ct. Cl. 1975)). Therefore, the court concluded that the statute of limitations began to run on March 21, 1986 and expired on March 21, 1992, which was well before the January 25, 2005 filing date of Van Allen's complaint. Id. at 64.

The Court of Federal Claims also considered Van Allen's request to toll the running of the statue of limitations, either because he was cognitively impaired under the "legal disability" provision of 28 U.S.C. § 2501 or because the doctrine equitable tolling applied. Id. The court noted that medical records stated that, at the time of Van Allen's discharge from surgery in 1993, he was "well able to manage his Veterans Administration funds" and that he had been "represented by counsel in submissions subsequent to March 21, 1986 and demonstrated diligence and competence in numerous submissions to the BCNR." Id. Addressing Van Allen's reliance on the Social Security disability benefits decision, the court distinguished the standard for work related disability, which requires the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment," id. (quoting 42 U.S.C. § 416(i)(1)(A)), from the standard for tolling a statute of limitations, which requires the individual to be "incapable of caring for his property, of transacting

business, of understanding the nature and effect of his acts, and of comprehending his legal rights and liabilities," id. (quoting Goewey v. United States, 612 F.2d 539, 544 (Ct. Cl. 1979)). The court concluded that Van Allen did not qualify for equitable tolling and ordered his complaint dismissed as time barred. Id.

III.

On appeal, Van Allen argues that the Court of Federal Claims erred in failing to equitably toll the statue of limitations due to his asserted cognitive impairment and impaired ability to interact with his attorney during the period 1986 until 1992. The government responds that the court made extensive fact findings and properly concluded that Van Allen did not qualify for equitable tolling. We agree with the government.[2]

To establish entitlement to equitable tolling to excuse his late filing, Van Allen had to show "a condition of mental derangement which renders the sufferer incapable of caring for his property, of transacting business, of understanding the nature and effect of his acts, and of comprehending his legal rights and liabilities." Goewey, 612 F.2d at 544. Although this court has recognized that an impaired attorney–client relationship can result in equitable tolling, Barrett v. Principi, 363 F.3d 1316, 1321 (Fed. Cir. 2004) (citing Lopez v. Citibank, N.A., 808 F.2d 905, 907 (1st Cir. 1987)), "a veteran must show that the failure to file was the direct result of a mental illness that rendered him

---

[2] Although Van Allen does not contest the Court of Federal Claims' determination that his claim accrued on March 21, 1986, we note that we agree with the court's analysis and conclusion. See Chambers, 417 F.3d at 1226; Real, 906 F.2d at 1561-63; see also Dayley v. United States, 169 Ct. Cl. 305, 309 (1965) ("[O]nce there is a final Board decision, a subsequent administrative hearing or determination does not deprive the earlier decision of finality, toll the running of limitations, or commence a new limitations period.").

incapable of rational thought or deliberate decision making or incapable of handling [his] own affairs or unable to function [in] society," id. (citations and internal quotations omitted) (alternations in original). The Court of Federal Claims found that Van Allen "was represented by counsel in submissions subsequent to March 21, 1986 and demonstrated diligence and competence in numerous submissions to the BCNR." Van Allen, 70 Fed. Cl. at 64. Van Allen, who does not challenge the trial court's findings of fact, has not made a showing that his disability reached a level to warrant equitable tolling.[3] Moreover, even if the statute of limitations was tolled for the period Van Allen alleges incapacity—1986 to 1992—his complaint still would not have been timely because it was filed on January 25, 2005, which is more than six years after 1992.

For the forgoing reasons, the final decision of the Court of Federal Claims is affirmed.

Each party shall bear its own costs.

---

[3]   We have considered Van Allen's other arguments and have found them to be without merit.