Per Curiam:
This case was referred pursuant to Buie 37(e) to Marion T. Bennett, a trial commissioner of this court, with directions to make his recommendation for conclusion of law on defendant’s motion for summary judgment. The commissioner has done so in an opinion filed July 23, 1963. On July 18, 1963, plaintiff filed a motion that the pending motion for summary judgment be submitted on the pleadings and briefs filed without calendaring for oral argument to which on July 23, 1963, defendant responded that it had no objections. On September 16, 1963, defendant filed a motion for adoption of the commissioner’s report pursuant to Buie 46(a) to which plaintiff has made no response. Since the court is in agreement with the opinion and recommendation of the trial commissioner, subject to a modification in the last paragraph of the opinion, it adopts the same, as modified, as the basis for its judgment in this case. Plaintiff is therefore not entitled to recover. Defendant’s motion for summary judgment is granted and the petition is dismissed.
OPINION OE COMMISSIONER
Defendant asks summary judgment upon the claim of plaintiff, a former Army captain who seeks to recover disability retirement pay from and after February 13, 1947, when he was released from active duty, not by reason of physical disability, less payments received from the Veterans Administration. The sole issue to be decided here is whether plaintiff’s claim first accrued more than 6 years prior to the filing of his petition in this court and is therefore barred by the 6-year statute of limitations (28 U.S.C. § 2501).
Plaintiff, a combat veteran, was wounded while in action on June 10, 1944, and again on January 24,1945. On Octo *86 ber 24, 1945, an Army retiring board determined that he was permanently incapacitated for active service and he was released from duty, effective February 18, 1946. However, plaintiff was ordered back to active duty because Headquarters disagreed with the board findings. He appeared before another Army retiring board on December 18, 1946, and this board determined that he was not permanently incapacitated for active duty and recommended full general military service. He was relieved from active duty on February 13,1947, not for disability.
On March 11, 1959, plaintiff’s appeal to the Army Board for Correction of Military Records was denied, which plaintiff alleges was arbitrary, capricious and contrary to law and the facts of plaintiff’s disability.
Plaintiff’s petition was filed on March 2, 1962, and amended on April 6, 1962, more than 15 years after the final adverse decision of the retiring board and release from active duty.
Plaintiff concedes that this case must be decided adversely to him pursuant to Lipp v. United States, 157 Ct. Cl. 197, 301 F. 2d 674, (1962), cert. denied, 373 U.S. 932, and Friedman, v. United States, 159 Ct. Cl. 1, 310 F. 2d 381 (1962), cert. denied, 373 U.S. 932, unless the court reconsiders its position in those cases in order that the purpose of the statute permitting correction of military records be not frustrated. These cases held, so far as pertinent here, that a judicial claim for retirement accrues upon the final action of a retiring board competent to pass on it. The jurisdiction of the board is not challenged here.
In Friedman, the court did suggest that there could be circumstances where a retiring board’s action might not be final, such as where the claimant had been misled, the decision was tentative and invited reopening or was reopened by defendant, where a proper request to convene a board was denied, or where there was some other circumstance depriving the action or nonaction of finality. No such factual circumstances are alleged here. Plaintiff urges a reconsideration of the legal and equitable grounds advanced by plaintiffs in Lipp and Friedman as those grounds pertain to the instant claim and consideration has been given thereto.
*87 It must be held that rejection of plaintiff’s claim by tbe correction board did not ground a new cause of action. The claim was denied by the retiring board on December 18,1946. The claim accrued when plaintiff was released from active duty on February 13, 1947. The decision of the retiring board was final in the circumstances and this claim is now barred by the statute of limitations.
It is recommended that the court enter an order granting defendant’s motion for summary judgment and dismissing the petition.