Dan D. DIAMOND

v.

The UNITED STATES.

No. 294-61.

United States Court of Claims.

April 16, 1965.

704

Harry E. Wood, Washington, D. C., for plaintiff. Guy Emery and Emery & Wood, Washington, D. C., of counsel.

Katherine H. Johnson, Washington, D. C., with whom was Asst. Atty. Gen.

John W. Douglas, Washington, D. C., for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS and COLLINS, Judges.

COLLINS, Judge.

Plaintiff, a former member of both the Army and the Air Force, is asserting three alternative claims. The first two claims are for disability retirement pay denied plaintiff by the Army and by the Air Force, respectively. The third claim is for the active duty pay of an Army master sergeant and is based upon the allegedly unlawful rejection of plaintiff's attempt, at the time of his release from the Air Force, to reenlist in the Army.[1] Defendant has moved to dismiss the petition on the ground that each of plaintiff's claims is barred by the statute of limitations, 28 U.S.C. § 2501.

The facts relevant to defendant's motion to dismiss are as follows:

Plaintiff, a second lieutenant, Officers Reserve Corps, began his active duty with the Army on March 13, 1942. Plaintiff served continuously until February 4, 1947, when he was relieved. At the time of his relief from active duty, plaintiff held the rank of major.

On May 24, 1946, plaintiff had been admitted to Fitzsimons General Hospital, Denver, Colorado, for observation regarding pain in the right upper quadrant. The Board of Medical Officers which considered plaintiff's case reached a diagnosis of chronic peptic ulcer of the duodenum, not disabling for limited service. In accord with the recommendation of the Board of Medical Officers, plaintiff appeared before an Army Retiring Board. On October 17, 1946, the Army Retiring Board (1) determined that plaintiff was not permanently incapacitated for active service and (2) recommended that he be ordered to 6 months' limited service, at the end of which time, plaintiff's case was to be reevaluated. The Office of the Surgeon General con-

1. The statutory basis for plaintiff's claim is the Act of July 14, 1939, ch. 267, 53 Stat. 1001. This act is discussed in detail infra.

curred in the findings and in the recommendation of the Army Retiring Board. On February 4, 1947, plaintiff was relieved from active duty, not by reason of physical disability.

Plaintiff's recall to duty for the purposes of reexamination and reevaluation at Fitzsimons General Hospital took place on April 23, 1947. Pursuant to the recommendation of a second Medical Board which had made diagnoses of duodenal ulcer and keratitis of the right eye, plaintiff again appeared before an Army Retiring Board. The finding of the Army Retiring Board that plaintiff was not incapacitated for general service was approved by the Secretary of War. On December 13, 1947, plaintiff was relieved from active duty, not because of physical disability.[2]

Plaintiff, on December 31, 1947, enlisted in the United States Army as a master sergeant. His service as a master sergeant continued until September 28, 1948, when he received an honorable discharge. The purpose of discharging plaintiff was to enable him to report for active duty in the U. S. Air Force as a captain in the Air Force Reserve.

Plaintiff's active duty in the Air Force commenced on September 29, 1948, but was subject to the final outcome of a physical examination to be given at his first duty station. The examination showed an inactive duodenal ulcer; subsequently, plaintiff was hospitalized. A recommendation that plaintiff be accepted for duty with a waiver of the physical examination requirements was denied. On June 14, 1949, plaintiff's active duty was terminated by Air Force orders which stated that plaintiff was relieved from his assignment "by reason of physical disqualification as a result of failure to pass physical examination for entrance on AD [active duty]."

On June 14, 1949, the day of his release by the Air Force, plaintiff applied for reenlistment in the Army in his former grade of master sergeant. Plaintiff was given a physical examination which disclosed evidence of the duodenal ulcer and the keratitis. Because of the results of the physical examination, plaintiff was not permitted to reenlist.

On December 4, 1952, plaintiff commenced what was to be a series of unsuccessful attempts to have his records changed to show his retirement for physical disability or his reenlistment as a master sergeant. First, plaintiff applied to the Air Force Board for Correction of Military Records with regard to the matter of retirement. The Air Force Correction Board refused to change the records so as to reflect retirement by reason of physical disability and, accordingly, on January 12, 1954, denied plaintiff's request.

Next, on March 22, 1957, plaintiff requested that the Air Force correct his records to indicate the recall of plaintiff to active duty on June 14, 1949, in the grade of master sergeant. The Air Force Correction Board informed plaintiff, on December 9, 1957, that his request was not within the purview of the Department of the Air Force, since plaintiff had never held enlisted status in the Air Force.

Then, plaintiff submitted to the Army Board for the Correction of Military Records his application regarding reenlistment. On June 12, 1958, plaintiff was notified that his application had been denied without a hearing. After plaintiff's request for reconsideration, the Army Correction Board granted review, but, on August 3, 1959, plaintiff's application was again denied.

Finally, on June 16, 1960, plaintiff requested that the Army Correction Board change plaintiff's records to reflect his retirement for physical disability as of December 13, 1947, and his corresponding entitlement to disability retirement pay. This application was denied on May 17, 1961.

2. On December 13, 1947, plaintiff was again promoted to major, Army of the United States. Plaintiff's recall to duty on April 23, 1947, had been in the grade of captain.

With regard to each of plaintiff's claims, this court must determine whether plaintiff's cause of action is barred by the 6-year statute of limitations, 28 U.S.C. § 2501. Although each of the claims rests upon a slightly different set of the facts, it appears that one of plaintiff's arguments applies to all three claims. That is, plaintiff asserts that, because of the Soldiers' and Sailors' Civil Relief Act of 1940,[3] the statute of limitations was tolled with respect to his causes of action.[4] The contention of plaintiff is that, but for the unlawful rejection of his application for reenlistment, plaintiff would have continued to be in military service and, thus, would have been protected by the Civil Relief Act. According to plaintiff, the Government should not be permitted to take advantage of its own wrongful conduct and, therefore, in the eyes of the law, plaintiff should be considered as coming within the terms of the Civil Relief Act.

■ In evaluating plaintiff's contention, it can be assumed, *arguendo,* that the rejection of his attempted reenlistment was a violation of plaintiff's statutory right to reenlist. However, the express terms of the Civil Relief Act make it certain that plaintiff's view regarding the tolling of the statute of limitations cannot prevail. First, the pertinent section of the Civil Relief Act, 50 U.S.C. App. § 525, halts the operation of statutes of limitations only during the "period of military service." The instant plaintiff has not, since June 14, 1949, been in "military service" as that term is defined in the Civil Relief Act, 50 U.S.C. App. § 511. Plaintiff's release from active duty terminated his "period of military service." Therefore, since June 14, 1949, the tolling provision of the Civil Relief Act has not been applicable to claims of plaintiff.

■ Secondly, this court does not accept the argument of plaintiff that he is entitled to the protection of the act on the basis of "constructive military service." The express purpose of the Civil Relief Act is, by means of the temporary suspension of certain legal proceedings which might prejudice the rights of persons in military service, "to enable such persons to devote their entire energy to the defense needs of the Nation, * *." Soldiers' and Sailors' Civil Relief Act of 1940, supra, 50 U.S.C. App. § 510 (1958). Therefore, it is apparent that the act was not intended to benefit a person like the instant plaintiff. Even though plaintiff may have had a right to be in military service after June 14, 1949, the fact remains that, subsequent to that date, he was not in military service. Under these circumstances, there is no foundation for plaintiff's assertion that the tolling provision of the Civil Relief Act has continued to apply to him.

ARMY DISABILITY RETIREMENT PAY

■ With regard to his first claim, plaintiff seeks the disability retirement pay of an Army major for the period since December 13, 1947. Defendant contends that the claim accrued upon the approval by the Secretary of War of the proceedings of the Army Retiring Board which had found, on June 26, 1947, that plaintiff was not incapacitated for general service.[5] Defendant's conclusion that

---

3. 54 Stat. 1178, as amended, 50 U.S.C. App. §§ 501–548, 560–590 (1958).
 This statute will sometimes be referred to as the "Civil Relief Act."

4. Section 205 of the Soldiers' and Sailors' Civil Relief Act of 1940, supra, as amended, 50 U.S.C. App. § 525 (1958), states in part:
 "The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, * * * by or against any person in military service * * * whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, * * *."

5. Defendant's brief erroneously refers to December 13, 1947, as the date when the Secretary approved the action of the Army Retiring Board. Actually, the approval by the Secretary occurred on November 10, 1947. December 13, 1947, is the date of plaintiff's release from active duty.

the claim for Army disability retirement pay is time-barred is correct. The Government properly relies upon the following principles stated in Friedman v. United States, 310 F.2d 381, 159 Ct.Cl. 1, 24 (1962), cert. denied, Lipp v. United States, 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963):

"(a). The judicial claim for disability retirement pay does not accrue on release from active duty but rather on *final* action of a board competent to pass upon eligibility for disability retirement * * *.

"(b). Normally, the Retiring Board is the proper board, * * *."

Clearly, in the case at bar, the decision of the Army Retiring Board became final. The statute of limitations began to run on December 13, 1947, the date of plaintiff's release from active duty.

It should be noted, however, that contrary to the assertion of defendant, the statute of limitations has not run continually since December 13, 1947. Subsequent to December 13, 1947, plaintiff spent a total of approximately 18 months on active duty. Under the Soldiers' and Sailors' Civil Relief Act, discussed above, the statute of limitations was tolled during the periods of active duty. Nonetheless, well over 6 years during which the statute of limitations did run have elapsed since the accrual of plaintiff's action for Army disability retirement pay. Therefore, this part of the petition must be dismissed. The denial, on May 17, 1961, by the Army Board for Correction of Military Records of plaintiff's application regarding entitlement to Army disability retirement pay did not give rise to a new cause of action. Friedman v. United States, supra; Braun v. United States, 163 Ct.Cl. 84 (1963); Merriott v. United States, 163 Ct.Cl. 261 (1963), cert. denied, 379 U.S. 838, 85 S.Ct. 76, 13 L.Ed.2d 45 (1964).

AIR FORCE DISABILITY RETIREMENT PAY

Plaintiff's next claim is for the disability retirement pay of an Air Force captain, for the period beginning June 14, 1949. Again, the Government asserts the bar of the statute of limitations. With regard to this claim, no retiring board was involved. However, on December 4, 1952, plaintiff submitted to the Air Force Board for Correction of Military Records a request that his records be changed to reflect entitlement to disability retirement pay as of June 14, 1949. Plaintiff's request was denied on January 12, 1954, and, according to defendant, that date marks the accrual of the cause of action.

This court is in accord with the position of defendant regarding this claim. In Friedman v. United States, supra, 310 F.2d p. 396, 159 Ct.Cl. p. 24, this court stated:

" * * * where the claimant has not had or sought a Retiring Board, his claim does not accrue until final action by the Correction Board (which in that instance stands in the place of the Retiring Board as the proper tribunal to determine eligibility for disability retirement)."

In the instant case, the petition was filed on July 27, 1961, more than 6 years after the accrual of the action (on January 12, 1954).[6]

One argument made by plaintiff is that his claim for Air Force disability retirement pay is a continuing one and that, therefore, he is entitled to recover such pay for the 6 years prior to the commencement of his action. Plaintiff relies on the cases of Barnes v. United States, 163 Ct.Cl. 321 (1963), and Gordon v. United States, 140 F.Supp. 263, 134 Ct.Cl. 840 (1956).

This court is not able to accept plaintiff's assertion that the continuing claim concept applies to his claim for

6. The following cases are examples of those in which (1) a Correction Board was the first competent board to act and (2) suit was brought within 6 years of the action of the Correction Board: Har-

per v. United States, 310 F.2d 405, 159 Ct.Cl. 135 (1962), rehearing denied 312 F.2d 436, 159 Ct.Cl. 157 (1963); Woodard v. United States, Ct.Cl. No. 190–60 (July 17, 1964).

Air Force disability retirement pay. Gordon v. United States, supra, differs materially from the instant case. The plaintiff in Gordon did not seek disability retirement pay, but increased retired pay under the Pay Readjustment Act of 1942, 56 Stat. 359. This court held that, under the continuing claim concept, Gordon was entitled to recover. The significant feature of Gordon v. United States is that it was a case in which the task of the court was limited to deciding, on the basis of certain specific facts, a purely legal question. The same cannot be said in the case at bar, for plaintiff is asking this court to determine the broad concept of "disability." As explained in Friedman v. United States, supra, 310 F.2d 381, 159 Ct.Cl., p. 7, the continuing claim doctrine does not extend to actions such as plaintiff's claim for disability retirement pay. In Barnes v. United States, supra, and in Lerner v. United States, Ct.Cl. No. 207–63 (December 11, 1964), this court did apply the continuing claim concept in actions for disability retirement pay. However, in the Barnes and Lerner cases, application of the doctrine rested largely upon the fact that, regarding each of the respective plaintiffs, there had been a retiring board finding of service-caused permanent incapacity. In the case at bar, on the other hand, there has never been a finding by any board that plaintiff is entitled to disability retirement pay. Neither the action of the Air Force in releasing plaintiff from active duty nor the rejection by the Army of his reenlistment constituted such a finding. Thus, we hold (1) that plaintiff's claim for Air Force disability retirement pay is not a continuing claim and (2) that this claim is barred by the statute of limitations.

ACTIVE DUTY PAY

Finally, we must determine whether plaintiff's claim for the active duty pay of a master sergeant is time-barred. Plaintiff bases his action upon the Act of July 14, 1939, ch. 267, 53 Stat. 1001, which states:

"* * * hereafter any warrant officer or enlisted man of the Regular Army who shall serve on active duty as a Reserve officer of the Army of the United States or who shall be discharged to accept a commission in the Army of the United States and whose active service as a commissioned officer shall terminate honorably, shall be entitled, without regard to any physical disqualification incurred, or having its inception, while on active duty in line of duty, to reappointment as warrant officer or to reenlistment in the grade held prior to such commissioned service, without loss of service or seniority and without regard to whether a vacancy exists in the grade of warrant officer or in the appropriate enlisted grade: *Provided,* That application for reappointment or reenlistment shall be made within six months after the termination of such commissioned service in each case: * * *"

Defendant, in support of its motion to dismiss, asserts, *inter alia,* that plaintiff's petition fails to allege properly that plaintiff made an "application for reenlistment" in accord with the Act of July 14, 1939. However, this court is of the opinion that the petition is entirely adequate in this respect. Paragraph IX of the petition states:

"Upon his relief from active duty with the Air Force, June 14, 1949, plaintiff applied, on the same day, for reenlistment in the United States Army in his former grade of master sergeant. * * *"

Also, paragraph XVI of the petition makes reference to the Act of July 14, 1939. Thus, we conclude that plaintiff has alleged the condition precedent for operation of the Act of July 14, 1939; i. e., he has alleged an "application for reenlistment."[7] Furthermore, it should

7. Rule 13(b) of this court states: "* * * All pleadings shall be so construed as to do substantial justice."

be noted that for purposes of its motion to dismiss, defendant has admitted the allegations of the petition.

The Government is correct that plaintiff's cause of action accrued on June 14, 1949, the date when his attempt to reenlist was rejected. Still, there remains the question of whether plaintiff's action for active duty pay is a continuing claim. Defendant denies that the claim is a continuing one. Defendant asserts that, under the Act of July 14, 1939, an applicant was not automatically entitled to reenlistment, since some exercise of administrative discretion was involved. If this court accepted the Government's interpretation of the Act of July 14, 1939, then the conclusion would follow that plaintiff has no continuing claim.

 Apparently, the statute in question has not been construed in any previous case. The pertinent Army regulations [8] consist primarily of a paraphrasing of the language of the statute and, thus, shed no additional light upon the issue of administrative discretion. The congressional committee reports [9] pertaining to the bill which was to become the Act of July 14, 1939, do not clarify this matter. However, it is significant to note the differences between the Act of July 14, 1939, and the statute which it repealed, the Act of March 30, 1918, ch. 37, 40 Stat. 501. The latter statute provided, *inter alia,* that the ability to reenlist would be "subject to such examination for enlistment as is provided by law or regulation." Significantly, no such provision was included in the Act of July 14, 1939 (the statute upon which plaintiff's claim is based). Another im-

portant difference is the fact that the Act of July 14, 1939, added the provisions that entitlement to reenlistment was "without regard to any physical disqualification incurred, or having its inception, while on active duty in line of duty" and "without regard to whether a vacancy exists in * * * the appropriate enlisted grade." [10] In view of these changes effected by the Act of July 14, 1939, this court is of the opinion that the right of a person such as the instant plaintiff to reenlistment was not subject to administrative discretion. Thus, we conclude that plaintiff's claim for the pay of a master sergeant can be considered as a continuing claim. Cf. Friedman v. United States, supra, 310 F.2d 381, 159 Ct.Cl., p. 7; Kutz v. United States, Ct.Cl. No. 307–61 (November 13, 1964), slip op., p. 6. Under our view, only a narrow fact question is involved— that is, whether plaintiff made a timely "application for reenlistment." Presently before the court is defendant's motion to dismiss and this is not the proper stage for us to determine the factual issue. We do find, however, that with regard to the 6 years immediately prior to the filing of the petition, plaintiff's action is timely and, to that extent, defendant's motion to dismiss must be denied.

 We do not accept the contention made by defendant that, because plaintiff had no military status after June 14, 1949, this court lacks jurisdiction over plaintiff's claim for active duty pay. If the evidence which plaintiff has submitted establishes that he did apply for reenlistment and that his statutory right to reenlist was violated, then recovery in this court is possible.[11] The lack of mili-

---

8. Defendant offered the relevant regulations, Army Regulations No. 140–5, dated June 17, 1941.

9. The two reports, S.Rep. No. 397 and H. R.Rep. No. 730, 76th Cong., 1st Sess. (1939), are identical. Each was submitted by the Committee on Military Affairs of the respective house of Congress.

10. This distinction between the two statutes was emphasized in a letter from the Secretary of War which was contained

in the congressional committee reports discussed above.

11. It should be noted that, with regard to the claim for active duty pay, trial has been held. Defendant's motion to dismiss was filed subsequent to the closing of proof pertaining to this claim. As a result of the filing of defendant's motion, the reference to the Trial Commissioner was suspended under Rule 53. Consequently, there have been no findings of

tary status was one consequence of the allegedly wrongful action of the Government, and we decline to hold that the absence of such status precludes judicial inquiry into the merits of plaintiff's claim. Cf. Egan v. United States, 158 F.Supp. 377, 141 Ct.Cl. 1, 18 (1958).

In conclusion, defendant's motion to dismiss is granted with regard to (1) the entire claim for Army disability retirement pay, (2) the entire claim for Air Force disability retirement pay, and (3) that part of the claim for active duty pay which accrued before July 27, 1955, the date 6 years prior to the filing of the petition in this case, and, accordingly, those portions of the petition relating to these claims are dismissed. As to the remainder of the claim for active duty pay, the motion to dismiss is denied and the case is returned to the Trial Commissioner for further proceedings.

fact by the Trial Commissioner (pursuant to Rule 57). This court declines to make such findings without the benefit of (1) a report of the Trial Commissioner

and (2) exceptions of the parties (pursuant to Rule 58).