Oliver G. **CROWE**

v.

The **UNITED STATES.**

No. 289–71.

United States Court of Claims.

Dec. 10, 1971.

James S. Phillips, Wichita, Kan., attorney of record for plaintiff.

Thomas E. Thomason, Washington, D. C., with whom was Asst. Atty. Gen. L. Patrick Gray, III, for defendant. Arthur E. Fay, Washington D. C., of counsel.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

ON DEFENDANT'S MOTION TO DISMISS PETITION AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

NICHOLS, Judge.

In this case, brought April 6, 1971, under 28 U.S.C. § 1491, plaintiff seeks

back pay and allowances from the date of his discharge, April 27, 1950, to February 6, 1968. Plaintiff had served a 3-year sentence at the Federal Correctional Institute, Littleton, Colorado. Then, on April 25, 1946, he was inducted into the United States Army under the provisions of the Selective Training and Service Act of 1940, 54 Stat. 885, 50 U. S.C. App. §§ 301–318 (1946). He served overseas in the Asiatic and Pacific Theater of Operations and, on April 24, 1947, received an honorable discharge and was recommended for further military training.

Some four months later, a recruiting officer informed plaintiff of his eligibility for re-enlistment in the Regular Army, based upon his service record and his honorable discharge. Thereupon, plaintiff enlisted. It is this enlistment which is at issue here. It appears from the enlistment papers that plaintiff denied having a criminal record.

Two years and eight months into this enlistment, April 27, 1950, plaintiff was released from the service, receiving an undesirable discharge. It is said that plaintiff was given no reason for the discharge and was told nothing other than that such a discharge precluded certain post-service benefits. Papers filed with the briefs disclose that the reason for the separation was plaintiff's falsification of his enlistment application. Thereafter, plaintiff applied to the Army Discharge Review Board to change his discharge to honorable. A hearing was held without plaintiff's presence and, on November 15, 1950, plaintiff was notified that his application had been denied. There ensued some seventeen years of informal efforts on behalf of plaintiff by various veterans' organizations. Finally, on October 19, 1967, largely through the intervention of his congressman, plaintiff was notified that he would receive another review. A letter from the Adjutant General, dated February 6, 1968, informed plaintiff that the Army Discharge Review Board had recommended that his discharge be changed and that the Secretary of the Army had directed that the discharge be changed from undesirable to general under honorable conditions. The discharge was "back-dated" to April 27, 1950.

It is this last act of the Secretary of which plaintiff complains, alleging such "back-dating" to be arbitrary and capricious. Plaintiff further urges that the date is completely unrelated to the discharge on the grounds that plaintiff was found to have been wrongfully and illegally discharged. There are further allegations going to the merits which are not relevant in view of our disposition of the case.

Defendant has moved to dismiss on the grounds that the claim is barred by 28 U.S.C. § 2501 (1970), the six-year statute of limitations on actions in this court.

■ In short, we are asked to review a dismissal which occurred some 21 years ago, after which various permissive administrative remedies were pursued. Facts which appear to be the same in the material respects, or more favorable to that plaintiff, have been considered at length by this court in an opinion announced today, O'Callahan v. United States, Ct.Cl., 451 2d 1390. Plaintiff here could have sued within six years of April 27, 1950, and unlike O'Callahan, does not point to anything happening later to open up the courthouse door for him more widely, save the Board action itself. Therefore, pursuant to the principles enunciated in *O'Callahan*, this action must be dismissed as not timely brought.

■ For the purposes of the present case, there does not appear to be any relevant distinction between the functions of a Board for Correction of Military Records and those of a Discharge Review Board. They operate under 10 U.S.C. §§ 1552 and 1553 (1970), respectively. In Mathis v. United States, 391 F.2d 938, 183 Ct.Cl. 145 (1968), plaintiff had gone before Boards of both kinds and we recognized no difference between them respecting limitation of

actions. We note that the application to the Discharge Review Board which resulted in the change of the nature of the discharge was not filed within the 15-year limitation set forth in its enabling statute, but since neither party has made anything of this, we do not consider it as a factor. However, defendant does point out that the Discharge Review Board has been granted no other authority by its statute than to change the *character* of the discharge (§ 1553(b)), and so would have acted *ultra vires* had it altered the date.

Defendant's motion to dismiss is therefore granted and plaintiff's motion for summary judgment is denied. The petition is dismissed.