Military pay; limitation of actions; accrued of cause of action. — On November 22, 1974 the court issued the following order:
Before CoweN, Ohief Judge, Davis and BeNNett, Judges.
“This case comes before the court on defendant’s motion to dismiss the petition on the grounds that it is barred 'by the 6-year statute of limitations, 28 U.S.C. § 2501, and states in part a claim upon which the court is not empowered to grant relief. Plaintiff has responded to the motion and defendant has replied.
“Plaintiff’s petition, filed May 3,1974, makes multiple demands for relief. Plaintiff, an Army veteran with a dishonorable discharge, seeks correction of that discharge and its conversion to a medical discharge, as he claims heroin addiction contracted while in military service was defendant’s fault. He also seeks Gr.I. benefits, back pay with interest, mustering-out pay, disability compensation, a declaratory judgment that defendant’s acts caused him irreparable injury and violated his civil rights, an injunction to stop a continuation of defendant’s allegedly wrongful actions and general damages of $1,250,000. Plaintiff has skillfully prepared his papers filed in this case, without aid of counsel, but now asks that the court appoint counsel for him to pursue the relief he seeks.
“Plaintiff received a General Court-Martial for possession of 'heroin in Korea on January 5, 1952. His conviction was reviewed, but the nature of discharge was sustained by the *877 Court of Military Appeals on. July 28,1952. He was also confined. The effective date of Ms discharge was in August 1953 at the Disciplinary Barracks, Lompoc, California. .
“It is well settled that plaintiff’s claims for correction of Ms discharge and for money damages accrued on the date of his discharge. Kirby v. United States, 201 Ct. Cl. 527 (1973), cert. denied, 417 U.S. 919 (1974) ; see also, Cooper v. United States, 203 Ct. Cl. 300 (1973) ; Crowe v. United States, 196 Ct. Cl. 565, 452 F. 2d 1034 (1971). Likewise, plaintiff’s claim for service-connnected disability arose at the same time. Lipp v. United States, 157 Ct. Cl. 197, 301 F. 2d 674 (1962), cert. denied, 373 U.S. 932 (1963) ; see also, Friedman v. United States, 159 Ct. Cl. 1, 301 F. 2d 381 (1962), cert. denied, sub nom., Lipp v. United States, 373 U.S. 932 (1963). Further, this court has no authority to issue a declaratory judgment or an injunction. United States v. King, 395 U.S. 1 (1969). All of plaintiff’s claims arising in August 1953 and sued on here in 1974 are barred by our 6-year statute of limitations, 28 U.S.C. § 2501. NotMng has transpired to toll the statute as might be the case if defendant had concealed its acts so that plaintiff was unaware of their existence at the accrual date. Japanese War Notes Claimants Ass'n v. United States, 178 Ct. Cl. 630, 634, 373 F. 2d 356, 358-9, cert. denied, 389 U.S. 971 (1967). There is no proof of such concealment here and no facts to suggest it are alleged. Plaintiff’s real excuse for not proceeding sooner is his alleged incompetence arising from narcotic addiction. But, plaintiff does not allege or show that he was incapable of understanding the nature of his discharge. His addiction is not a legal disability that would toll the statute. “Our statute of limitations is jurisdictional and must be strictly construed to avoid prosecution of stale claims which defendant can be prejudiced in contesting because excessive lapse of time dulls memories, accounts for missing witnesses, and occasions periodic, routine destruction of Government records.” Kirby v. United States, supra at 539.
“For the foregoing reasons, it is unnecessary to reach plaintiff’s motion for appointment of counsel.
“it is therefore ordered and adjudged upon the fore *878 going authorities and statute, without oral argument, that defendant’s motion to dismiss the petition must be and it is hereby allowed. The petition is dismissed.”