SkeetoN, Judge,
delivered the opinion of the court:
Plaintiff, in this case, Timothy Frye, enlisted in the United States Naval Reserve on March 14, 1972, for a period of six years. During the period between the date of his enlistment and the date he was to go on active duty, plaintiff suffered a “nervous breakdown” as a result of marital and school difficulties. He was hospitalized for a period of five weeks and received treatment from a private psychiatrist for some two months.
Following this period of hospitalization and treatment, plaintiff still desired to enter the Navy. He was examined by psychiatrists on behalf of the Navy, and they found that his condition had “stabilized” and that he was fit to enter the service. Plaintiff did enter the Navy on October 4, 1972, and performed satisfactorily during basic training.
However, after plaintiff had been in the service some four and one-half months, on February 13, 1973, Naval authorities requested that he be given a physical examination due to his inability to perform adequately in Nursing Lab at the Hospital Corps School. Plaintiff was examined by a Navy psychiatrist, Dr. Howland, and- was found to be suffering from a “schizophrenic reaction — acute, undifferentiated type.” A Medical Board was convened February 28,1973, and concluded that “this patient [plaintiff] suffers from no disability which is the result of an incident of service or which was aggravated thereby.” The Board found that plaintiff had suffered an illness of psychotic proportions, and there *328 fore recommended that he be discharged. The recommendations of this Board, together with a written rebuttal by plaintiff, were forwarded to the Central Physical Evaluation Board, Office of Naval Disability Evaluation, on March 7, 1973. The CPE Board agreed with the prior Medical Board decision and found plaintiff’s mental condition “not ratable.” On April 3, 1973, plaintiff, accompanied by appointed Government counsel, appeared before the Formal Physical Evaluation Board (FPE Board). After a full hearing, the FPE Board concurred in the previous findings of the Medical Board. On May 21, 1973, plaintiff submitted a written rebuttal to the findings of the FPE Board. On May 25, 1973, the Physical Beview Council, in review of the FPE Board record and plaintiff’s rebuttal, concurred in the findings of the FPE Board. Based upon this medical evaluation, plaintiff received an honorable discharge from the Naval Service by reason of physical disability on June 26, 1973. He was not awarded disability retirement benefits.
In May 1974, Mr. Frye petitioned the Board for Correction of Naval Kecords (BCNB) to correct his records to show that he was entitled to disability retirement. After reviewing the opinion of a five member Naval Physical Disability Be-view Board recommending that plaintiff’s records not be changed, and plaintiff’s counsel’s rebuttal, the BCNB, on December 5, 1974, advised Mr. Frye that his application for correction of Naval records had been denied. Plaintiff filed the instant petition in this court on June 23, 1975.
The case is before the court on plaintiff’s motion for summary judgment and defendant’s cross-motion for summary judgment. Plaintiff seeks to have this court reverse the decision of the BCNB which refused to correct plaintiff’s Naval records to show that he was entitled to disability retirement pay. In order to prevail, plaintiff must prove that the action of the BCNB was arbitrary and capricious or not supported by substantial evidence. In Kingsley v. United States, 172 Ct. Cl. 549 (1965), we said:
* * * [Bjefore a decision can be made as to whether the plaintiff was in fact physically disabled at the time of his release to inactive duty, there must be a determi *329 nation that the Board did act arbitrarily, capriciously, or without foundation in fact. * * * [/d. at 555.]
Furthermore, “[i]t is only where the decision of the board is clearly unsupported by substantial evidence or when there was a noncompliance with applicable laws and regulations, that this court may interfere with the findings of the correction board.” Ward v. United States, 178 Ct. Cl. 210, 216 (1967). Thus, plaintiff’s burden is a heavy one, and for the reasons stated below, we hold that he has not met that burden in this case.
Plaintiff does not challenge the correctness of his induction into the Navy, but does contend that there exists a “logical inference that Ms psychotic episode and its resulting disablement was the result of aggravation of a preexisting condition by Naval service.” Plaintiff agrees that his condition did predate his entry into the Navy and was thus not incurred in the service. This leaves proof of service aggravation as the only grounds for plaintiff’s eligibility for disability retirement.
In the instant case, there is no question but that plaintiff’s mental problems began prior to Naval service for reasons, naturally enough, unconnected to any service with the Navy. Plaintiff in his motion for summary judgment admits that:
* * * He had serious difficulties with Ms marriage; he had had difficulties while a student at LSU in New Orleans. He had spent five weeks in the psychiatric facility at Southeastern Louisiana State Hospital.
The evidence before the Board for the Correction of Naval Becords shows that the symptoms of plaintiff’s mental problems (marital difficulties and school problems) were essentially the same before and after his four and one-half months of Naval service. Furthermore, plaintiff’s drug experiences shown by the record certainly cannot he considered to be service related.
The only evidence contrary to the BCNB’s finding that plaintiff’s illness was not service aggravated is plaintiff’s bare assertion that it was. The Physical Evaluation Board found on the basis of the facts before it that plaintiff’s illness, first appeared prior to his entry into the service and was quiescent *330 immediately prior to and during the first four and :one-balf months of plaintiff’s active service, but that it was not aggravated by his Naval service.
. Plaintiff has not alleged that he was denied any procedural rights or that his medical examination pursuant to release was incomplete or in error. Plaintiff has not presented any conflicting expert medical evidence. His only grounds for urging reversal of the Naval Board of Correction of Military Records decision are his contentions that his illness was service aggravated, and was presumed to be so by the Navy regulation discussed below, is insufficient to prove the Board’s decision was arbitrary and capricious.
Plaintiff’s argument that:
* * * [T] he Navy’s acceptance of Frye, with full knowledge of his prior psychiatric history, * * * constitute a waiver on the Navy’s part of its later claim that Frye’s disabling mental illness was wholly pre-existent, and not caused or aggravated by military service.
is unsupported by either regulation or precedent. In Kingsley v. United States, supra, the Army’s acceptance of a man with a history of heart trouble was not in any way held to affect its right to decide that plaintiff was not entitled to disability retirement pay. Clearly no statute, regulation or legal precedent states that an armed service is precluded from finding that a man’s pre-existing medical problem, while not disqualifying him for active service, can be the cause of his release without having been aggravated by the service. In the instant case, the record presents “clear and unmistakable” evidence that Mr. Frye’s illness existed prior to active service and therefore the standard for overcoming the presumption of sound condition upon entry into service as set forth in Lipp v. United States, 181 Ct. Cl. 355, 359 (1967) has been met.
As is the case in Army disability retirement regulations, a Navy regulation presumes that an infirmity not incurred in the service but responsible for separation has been service ■aggravated. See Bevins v. United States, 166 Ct. Cl. 547 (1964); Ludzinski v. United States, 154 Ct. Cl. 215 (1961); Frederick v. United States, 150 Ct. Cl. 769, 280 F. 2d 844 (1960).
*331 The pertinent Navy regulation (Naval Disability Evaluation Manual, § 0231) reads as follows:
* * * * *
(b) It is further presumed that any additional disability resulting from the pre-existing injury or disease was caused by military service.aggravation. Only specific-findings of “natural progress” of the pre-existing injury or disease based upon well-established medical principles, as distinguished from medical opinion alone, are sufficient to overcome the presumption of military service aggravation.
The presumption that the disability was aggravated by the service is rebutted 'by the facts of this case which show that with only four and one-half months of active service after nothing more stressful than boot camp (in which plaintiff performed well) and Corpsmen School, plaintiff suffered a. relapse. The mere fact that plaintiff’s condition “destabilized” during Navy service does not constitute proof that Naval service caused this destabilization.
The analysis made by the February 28, 1973, Medical Board and confirmed by four subsequent boards constitutes findings of “natural progress” of plaintiff’s schizophrenic disorder and effectually conforms with the requirements set forth in Naval Disability Evaluation Manual § 0231.
Furthermore, section 0206 of the Naval Disability Evaluation Manual provides that disease incurred prior to service “will be considered to have been aggravated, when such disability underwent an increase in severity during the service * * It is apparent that as shown by the similarity of symptoms and treatment of plaintiff’s mental disorder prior to and during Naval service, plaintiff’s pre-existing illness did not undergo “an increase in severity during the service.”
We find it unnecessary to deal with plaintiff’s “Motion to Strike Affidavit,” of defendant containing the statement of Commander Stanley J. Kseider. We did not consider the affidavit, and its contents have had no bearing on our decision in this case.
For all the reasons stated above, we deny plaintiff’s motion for summary judgment and grant defendant’s cross-motion for summary judgment. Plaintiff’s petition is dismissed.