Harry **WIDNER**

v.

The **UNITED STATES.**

No. 153–74.

United States Court of Claims.

May 18, 1977.

Robert Sellers Smith, Huntsville, Ala., attorney of record, for plaintiff; Smith, Huckaby & Graves, Huntsville, Ala., of counsel.

the contractor in *Housing Corp. of America, supra.*

LeRoy Southmayd, Jr., Washington, D. C., with whom was Acting Asst. Atty. Gen., Irving Jaffe, Washington, D. C., for defendant.

Before DAVIS, Judge, SKELTON, Senior Judge, and BENNETT, Judge.

## OPINION

PER CURIAM:

This case comes before the court on defendant's motion, filed January 25, 1977, for judgment pursuant to Rule 141(b), moving that the court adopt as the basis for its judgment in this case the recommended decision of Trial Judge Harry E. Wood, filed November 23, 1976, pursuant to Rule 134(h), since plaintiff has failed to file a notice of intention to except thereto and the time for so filing pursuant to the Rules of the court has expired. Upon consideration thereof, without oral argument, since the court agrees with the trial judge's recommended decision, as hereinafter set forth,* it hereby grants defendant's motion and affirms and adopts the said decision as the basis for its judgment in this case. Therefore, it is concluded that plaintiff is not entitled to recover and the petition is dismissed.

## OPINION OF TRIAL JUDGE

WOOD, *Trial Judge*: On June 10, 1971, plaintiff, then a sergeant (E–7) with approximately 17 years of active military service, was honorably discharged from the Army and determined to be ineligible for immediate reenlistment therein. He here contends (1) that the said discharge and determination were in violation of Army Regulations and unlawful, and (2) that the Army Board for Correction of Military Records acted arbitrarily in failing to correct his military records to reflect, in substance, that he had not been discharged from the Army June 10, 1971.

By Order dated March 14, 1975, on defendant's motion and plaintiff's cross-motion for summary judgment, the court denied both motions without prejudice and returned the case to the trial division for trial. Trial has now been held, and briefing has been completed.[1] For the reasons and under the circumstances hereinafter appearing, it is concluded that plaintiff is not entitled to recover.

In June 1970, while serving on active duty at Redstone Arsenal, Alabama, under a term of enlistment expiring on or about June 16, 1971, plaintiff executed a request for transfer to Korea. The request constituted a "commitment to extend terms of enlistment or reenlistment in order to have sufficient remaining service to complete the prescribed tour for the area desired" should plaintiff's request be approved and his reassignment directed, and provided that the "commitment will be accomplished prior to departure from home station." At all times here material, the prescribed "short tour" of duty in Korea was 13 months.

Plaintiff's request for transfer was duly approved, and on October 13, 1970, his reassignment to Korea effective December 31, 1970, was directed, but he subsequently underwent surgery at Redstone Arsenal, and therefore did not depart for Korea in 1970 as originally scheduled. Immediately after his release from medical hold at Redstone Arsenal, however, orders, dated March 31, 1971, transferring him to Korea effective May 15, 1971, were promulgated.

Between late March and mid-May 1971, the matter of plaintiff's reenlistment (or

---

* Whereas the court adopts the trial judge's separate findings of fact, which are set forth in his report filed November 23, 1976, they are not printed herein since such facts as are necessary to the decision are contained in his opinion.

1. Trial was limited to the issues of law and fact relating to plaintiff's right to recover. Rule 131(c). Plaintiff did not file any objections to defendant's requested findings, nor did he file a reply brief.

extension of enlistment)[2] in order to have sufficient time remaining, prior to expiration of his term of service, to complete the 13-month tour prescribed for Korea, was discussed with plaintiff on several different occasions, by both a career counselor at Redstone Arsenal and the personnel sergeant major, U. S. Army Missile Command, Redstone Arsenal.

Plaintiff was not required to reenlist prior to his transfer to Korea, and he obviously did not do so. During the said period, however, plaintiff was urged and requested to reenlist on several occasions; he was advised it would be necessary for him to reenlist either at Redstone or after his arrival in Korea; he was advised that should he refuse to reenlist both at Redstone and in Korea, he would be returned to the United States for discharge; and he was also advised that should he receive a discharge under such circumstances, he would be ineligible to reenlist in the Army for a period of 93 days following discharge, and, even if successful in reenlisting thereafter, would lose at least one grade.

During the course of one such discussion concerning reenlistment with a career counselor at Redstone Arsenal, plaintiff stated he had found a way "to beat the system", by declining to reenlist both there and in Korea, being returned to the United States for discharge, and then stating that he had changed his mind and wanted to reenlist. The career counselor advised plaintiff that such a plan simply would not work.

About May 15, 1971, plaintiff left Redstone Arsenal and proceeded overseas, arriving in Korea about May 19, 1971. At that time he had less than a month remaining on his current period of enlistment. Accord-

ingly, on June 2, 1971, orders reciting that plaintiff's term of service would expire June 16, 1971, and reassigning him to Fort Lewis, Washington, for separation processing at the expiration of his term of service, were issued and delivered to plaintiff.

On June 4, 1971, plaintiff went to the office of the 199th Personnel Service Company, Eighth United States Army Personnel and Administration Branch (Provisional), Camp Hayes, Korea, where he met with Chief Warrant Officer 2 ("CW2") Reyes, Chief, Team No. 1, 199th Personnel Service Company.[3] At the June 4, 1971 meeting, CW2 Reyes advised plaintiff that he could reenlist in Korea to have a sufficient period of service remaining to complete the required 13-month tour in Korea, and that, if he failed to reenlist in Korea, he would be returned to the continental United States and be separated from the Army.

CW2 Reyes further informed plaintiff at that time that should plaintiff elect to follow the latter course, he would be ineligible to reenlist in the Army for a period of at least 93 days, and that, should he endeavor to reenlist after that period, the Army would have to make a determination as to the grade in which he might be permitted to reenlist. CW2 Reyes also specifically (and accurately) brought to plaintiff's attention certain provisions of Army Regulation 601–280, setting forth "penalties or disadvantages" that would follow from plaintiff's refusal to reenlist in Korea for the purpose of completing his oversea tour.[4]

Thereafter, CW2 Reyes prepared and signed a "Statement of Counseling" providing as follows:

This is to state that the undersigned has, at Camp Hayes, Korea (ASCOM)

---

2. As used hereinafter, the words "reenlistment" or "reenlist" include "extension of enlistment" or "extend terms of enlistment".

3. The 199th Personnel Service Company had personnel responsibility for several military units in Korea, including plaintiff's unit, and CW2 Reyes' duties included all kinds of personnel counseling.

4. In essence, such refusal would make plaintiff "ineligible to reenlist in grade and for a period of 93 days after discharge. The individual's separation documents will be coded RE–2A." Paragraph 4–5b, AR 601–280.

APO SF 96220, at 1020 hours, this date, counseled PSG HARRY WIDNER, 258–52–2460, HHC EUSA APO 96301, in accordance with paragraph 4–5, AR 601–280.

Subsequent to counseling, PSG Widner has refused to comply with published instructions and is aware of the effects of his refusal to meet length of service requirements.

Plaintiff acknowledged the said "Statement" by placing his signature thereon.

It is plain from the foregoing that in Korea, on June 4, 1971, plaintiff was afforded the right to reenlist to meet length of service requirements. It is equally plain that with full knowledge of the provisions of AR 601–280 specifying the adverse consequences that would follow such a refusal, plaintiff then refused to do so.

But for plaintiff's refusal to reenlist in Korea, the June 2, 1971 orders reassigning plaintiff to Fort Lewis would have been revoked, and he would not have been returned to the United States for separation processing. Since plaintiff did refuse to reenlist in Korea, however, he was duly returned to Fort Lewis. On his arrival there plaintiff tried to reenlist, but he was instead honorably discharged June 10, 1971.[5] His Report of Discharge was coded "RE–2A", to indicate that he was "Fully qualified for reenlistment; however, not eligible for reenlistment in grade and ineligible to enlist in the United States Army for 93 days after date of separation."

According to plaintiff's trial testimony, he made a number of unsuccessful efforts to reenlist in the Army during the period September 14–November 2, 1971. In any event, he did reenlist in the Army, in the grade of sergeant (E–5), September 18, 1972. On January 1, 1976, after completing more than 20 years active service, he was retired in the grade of staff sergeant (E–6).

Plaintiff here insists that he was "at all times ready, willing and able to reenlist" prior to his departure from Redstone Arsenal in May 1971, that he "made an effort to reenlist prior to leaving his home station", and that he was "never requested" to reenlist at Redstone Arsenal. Plaintiff's depiction of what occurred at Redstone Arsenal cannot be accepted. Although plaintiff was not advised that he *must* reenlist prior to his oversea transfer, he was plainly accorded the opportunity to do so, and on more than one occasion,[6] but repeatedly declined to take advantage of those opportunities.

Plaintiff also asserts that his honorable discharge June 10, 1971, and the Army's concomitant determination that he was ineligible for immediate reenlistment, were unlawful. His position is that his transfer to Korea, shortly prior to the expiration of his term of service, without first requiring him to reenlist at Redstone Arsenal, was in violation of Army Regulations, and that unlawful action directly resulted in his "losing" some 15 months of active service and thereafter being paid less than the pay of a sergeant (E–7). On the facts of this case, that position is devoid of merit.

Although the matter is not entirely free from doubt, it may be assumed, for present purposes, that under applicable Army Regulations plaintiff should have been required to decide, at Redstone Arsenal, whether or not he would "take action * * * for the purpose of acquiring sufficient time to serve the full tour" of duty prescribed for Korea. In so assuming, however, several facts must be borne in mind.

---

5. While plaintiff's term of service was to expire some 6 days later, an early discharge of an oversea returnee to prevent a "short", nonproductive reassignment is authorized by Army Regulations.

6. Both a career counselor and the personnel sergeant major at Redstone Arsenal urged and requested him to do so, without success.

First, defendant could not force plaintiff to reenlist, either at Redstone or elsewhere. The decision whether or not to reenlist was plaintiff's, and his alone. Secondly, at Redstone Arsenal, plaintiff failed to reenlist although repeatedly urged and requested to do so. But for that failure and the subsequent refusal to do so, plaintiff's present situation would never have materialized.

On analysis, what plaintiff really complains about is that he should have been required to *refuse* to take appropriate action at Redstone Arsenal to obtain a sufficient period of service to meet his voluntary commitment to oversea duty. Had this been done, however, plaintiff's refusal would have led inevitably to his discharge from the Army, in precisely the same way, and with precisely the same consequences, that followed his later refusal to reenlist in Korea.

Pretermitting all other considerations, it is clear that even if defendant erred in transferring plaintiff to Korea, notwithstanding his then current term of enlistment was coming to a close, "* * * recovery would not follow. To sustain a recovery based upon administrative impropriety a plaintiff must demonstrate the manner in which he has been prejudiced thereby." *Murphy v. United States,* 209 Ct.Cl. 352, 360 (1976), and cases cited therein. Plaintiff's discharge and the decision to deny him immediate reenlistment resulted solely and directly from his own failure and refusal to reenlist, with knowledge of the consequences of such actions,[7] not from any unlawful action on the part of defendant. *Ibid; cf. Steuer v. United States,* 207 Ct.Cl. 282, 292–94 (1975).

Plaintiff also argues that defendant's failure to "counsel in time to give Plaintiff the opportunity to be fully counseled and to have such counseling statement removed, if appropriate * * *" are erroneous. The evidence of record herein squarely refutes any notion of less than full and proper counseling; and, AR 601–280, on which plaintiff relies in connection with the second aspect of this argument, requires that a request for withdrawal of a counseling statement be "fully justified". All else aside, the record herein convincingly establishes that full justification for withdrawal of plaintiff's "Statement of Counseling" could not have been shown even had plaintiff sought to have it withdrawn.

A number of other, and at least partially repetitive, arguments, including the assertions that plaintiff was on medical hold at Redstone Arsenal when transferred to Korea, that his counseling in Korea was (or may have been) erroneous, that his transfer to Fort Lewis was required because of Army error in sending him to Korea "in the first place", that he had a "right to reenlist" at Fort Lewis, and that the Army erred in respect to the Separation Program Numbers listed in his June 2, 1971 orders and on his Report of Discharge, have all been carefully considered and found wanting. Extended comment on these arguments, at this point is, however, unnecessary.

In sum, on this record, the Department of the Army's decision to discharge plaintiff, and to declare him ineligible for immediate reenlistment, was not legally erroneous, and deserves to be sustained.

Plaintiff's contention of entitlement to recovery in consequence of denial of his applications for correction of military record also fails.[8] All else aside, proof that denial of the said applications was arbitrary, capricious, unsupported by substantial evidence, or in violation of applicable

---

7. On this record, plaintiff's assertions that he was told he could reenlist either in Korea or at Fort Lewis, and that his "Statement of Counseling" was invalid in any event, cannot be and are not accepted.

8. In this connection, the granting of a hearing was not required. *Flute v. United States,* 535 F.2d 624, 210 Ct.Cl. 34 (1976).

laws or regulations, is wholly lacking. *Frye v. United States,* 210 Ct.Cl. 325 (1976), and cases there cited; *cf. United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed. 114 (1976); *Yee v. United States,* 512 F.2d 1383, 206 Ct.Cl. 388 (1975). *Diamond v. United States,* 344 F.2d 703, 170 Ct.Cl. 166 (1965), cited by plaintiff, turned upon a statutory right of reenlistment, and is inapposite here.

Accordingly, plaintiff's petition should be dismissed.

## CONCLUSION OF LAW

Upon the findings of fact and the foregoing opinion, which are adopted by the court and made a part of the judgment herein, the court concludes as a matter of law that plaintiff is not entitled to recover and the petition is dismissed.