*793 "The court has before it defendant’s motion ,to dismiss the petition of plaintiff who appears in his own behalf. Defendant contends that the claim is barred by the statute of limitations, 28 U.S.C. § 2501 (1970), which requires that a suit be filed within 6 years after the claim first accrues.
"Plaintiff is a former sergeant in the United States Army who, with the exception of a break-in-service from 1948 until 1950, was on active duty from 1945 until June 10, 1970, when he was discharged for permanent physical disability after consideration of his case by a formal Physical Evaluation Board which refused him a further waiver. Plaintiff had suffered the loss of an eye from a combat injury during the Korean conflict in 1953 but had been continued on active duty by waiver.
"The petition claims that the Army was arbitrary and capricious when it failed, further, to waive his disability and involuntarily retired him. He also alleges that defendant violated certain Army regulations in the action it took. He demands reinstatement to duty with back pay and allowances, promotions, and the correction of his record to show that he is capable of performing his military duties. The petition was filed on December 22, 1976, which is clearly more than 6 years from the accrual of his claim on June 10, 1970, when he was separated from active duty. The claim is thus barred by the statute of limitations which must be strictly construed since it is jurisdictional. Kirby v. United States, 201 Ct. Cl. 527, 531 (1973), cert. denied, 417 U.S. 919 (1974); Cochran v. United States, 205 Ct. Cl. 876 (1974).
"Plaintiff attempts to convince us that we should consider his letter to the Clerk on May 8, 1975, as a proper petition to the court. In this letter plaintiff complained that the Board for the Correction of Military Records had refused to grant him relief and had held that his forced retirement was not unjust. Plaintiff asked in the letter that the court reverse the board. In response he was advised in a letter by the Clerk on May 14, 1975, that he would have to file a petition in conformity with the Rules of the Court of Claims, which were provided to him. This was a clear indication that the letter , of May 8 could not be considered a petition. On May 22, 1975, plaintiff wrote to the Clerk *794 again, this time asking if he could represent himself and was advised that he could do so. Plaintiff, of course, had already been told by the Clerk to file a petition in conformity with the Rules, yet he inquired in his May 22, 1975, letter as to whether his letter of May 8 could be considered as an initial claim. Plaintiff did not file a petition before the statute ran out on June 10, 1976, but on July 12, 1976, as shown by the Clerk’s file, he addressed a letter to the Chief Judge asking for reinstatement with back pay and allowances. The Clerk responded to that letter on July 26, 1976, pointing out again that for his claim to be considered, plaintiff would have to file a petition pursuant to the Rules and suggesting the advisability of counsel, but calling plaintiffs attention to the 6-year statute of limitations, citing 28 U.S.C. § 2501 (1970). He returned to plaintiff the supporting papers plaintiff had submitted with his letter to the Chief Judge.
"Months then went by and on December 22, 1976, plaintiff finally filed his petition. We note that this was a year and one-half since his May 8, 1975, letter and the Clerk’s letter of May 14, 1975, first advising plaintiff that he would have to file a petition. Looking at the matter in the light most favorable to plaintiff since he is not a lawyer and is representing himself, and has an honorable service record, he had sufficient time and was on notice of what he had to do to present a claim which would be recognized by the court and would be answerable by defendant. Plaintiff has given no reason to excuse this delay, and we see no basis for tolling the statute and allowing this tardy claim to be considered on the merits.
"it is therefore ordered that because the court lacks jurisdiction over plaintiffs claim since it is barred by the statute of limitations, 28 U.S.C. § 2501 (1970), upon consideration of the motion and response, without oral argument, the motion to dismiss is allowed, and the petition is dismissed.”
On November 7, 1977 plaintiffs petition for certiorari was denied.