*543 This case is before us on defendant’s motion to dismiss. After consideration of the parties’ submissions, and without oral argument, we allow the motion.
Plaintiff was a member of the United States Army Eeserve on active duty training and was injured in a parachute landing on January 19, 1972, at Fort Benning, Georgia. He was hospitalized as a result of this injury and, in February 1972, surgery was performed in order to insert three metal pins in his left ankle. Plaintiff remained on active duty status as a result of the disability,- receiving active duty pay, allowances, and medical benefits. On October 21, 1972, plaintiff was examined and pronounced fit for duty. His active duty pay, allowances and medical benefits were accordingly terminated. In December 1973 plaintiff underwent additional orthopedic surgery at a civilian hospital for the removal of two of the implanted pins in his left ankle. The plaintiff fully recovered from this surgery and returned to his civilian employment on April 1, 1974.
Plaintiff filed this pro se petition on August 25,' 1980, claiming entitlement to active duty pay and allowances as well as payment for medical expenses for the period beginning October 21, 1972, and ending April 1, 1974. Plaintiff relies on 37 U.S.C. § 204(g) (1976) as the statutory basis for his action.
The statute of limitations governing claims against the United States in this court is contained in 28 U.S.C. § 2501 (1976) which provides, in pertinent part:
Every claim in which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.
The general rule establishing when a cause of action accrues for statute of limitations purposes has been set out by this court in Oceanic Steamship Co. v. United States, 165 Ct. Cl. 217, 225 (1964). There the court held:
A claim against the United States first accrues on the date when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action. * * *
*544 Thus, we must determine when each of these claims accrued.
Plaintiffs claim for active duty pay accrued against the Government on the date the Government first failed to make payment of the money plaintiff claims entitlement to. Middleman v. United States, 91 Ct. Cl. 306, 308 (1940). In this case the petition shows that such failures to pay all occurred prior to April 1, 1974. With respect to plaintiffs claim for allowances and medical benefits, this claim accrues no later than the time at which plaintiff was separated from his active status. E.g., Crowe, v. United States, 196 Ct. Cl. 565, 567, 452 F.2d 1034, 1035 (1971); DeBow v. United States, 193 Ct. Cl. 499, 503, 434 F.2d 1333, 1335 (1970), cert. denied, 404 U.S. 846 (1971); Wood v. United States, 186 Ct. Cl. 955 (1968); Braun v. United States, 163 Ct. Cl. 84, 85-6 (1963). In the instant case, plaintiffs claim for allowances and medical benefits accrued when the Army took action to stop his active duty pay. This was accomplished by the medical determination of fitness for duty made on October 21, 1972. Moreover, even if we were to assume the claim for allowances and medical benefits accrued at a later date, the latest such claims could have accrued would have been by April 1, 1974, when plaintiff concedes he was no longer entitled to active duty allowances and medical benefits.
Once the statute started to run after the claims’ accrual, the subsequent claim plaintiff filed with the General Accounting Office did not toll the running of the six-year statute of limitations. Iran National Airlines Corp. v. United States, 175 Ct. Cl. 504, 508, 360 F.2d 640, 642 (1966); Oregon Forest Fire Association v. United States, 170 Ct. Cl. 308, 317-18 (1965); see Vincin v. United States, 199 Ct. Cl. 762, 765-6, 468 F.2d 930, 933 (1972).
Plaintiffs petition was filed on August 25,1980. Since the petition was filed more than six years after the date of accrual of each cause of action, all of plaintiffs claims are barred by the statute of limitations.
it is therefore ordered that defendant’s motion for dismissal of plaintiffs petition is allowed. Plaintiffs petition is dismissed.